PRICE, Judge.
This is an appeal from a judgment by default holding appellant solidarily liable with a co-defendant for an indebtedness to the City of Monroe for past due utility bills.
The City brought suit in July, 1973, against Thomas P. Fussell and appellant, Ray Salim, claiming these individuals were liable for delinquencies in utilities furnished the Woodlawn Manor Apartment Complex in that city for the period between January 21, 1972, and April 2, 1973. Through their attorney of record at that time, both defendants filed an exception of no cause of action and a motion for summary judgment seeking to have the action dismissed against them individually on the assertion the apartments were owned by a corporation, S. & F. Enterprises, from April 17, 1972, until March 16, 1973, at which time it was sold to a third party who continues to own same. The exception and motion for summary judgment were overruled by the trial court by judgment dated October 10, 1973. No further pleadings were filed by the attorney for defendants and thereafter on January 31, 1974, a default judgment was rendered against both Fussell and Salim for the surn of $9,452.79.
Salim has perfected this devolutive appeal through his present attorney, suggesting that the default judgment against him should be set aside as there was insufficient evidence presented on confirmation of default to establish a prima facie case against him, and further that the record reflects it would be unconscionable and inequitable to allow the enforcement of this judgment against him under the circumstances. There is no issue made as to the correctness of the account of Woodlawn Manor. The sole question raised by appellant relates to whether there was sufficient proof of who owed the account.
The provisions of Article 1702 of the La.C.C.P. require a judgment of default to be confirmed by proof of the demand sufficient to establish a prima facie case. This same article provides prima facie proof in suits on open account may be established by an affidavit of the correctness thereof.
Plaintiff contends since this is an action on open account and an affidavit of correctness was attached, there was proof sufficient for a prima facie case and the judgment should not be set aside.
*484 We could agree with this contention if it were the amount or correctness of the account that was at issue. However, the record as constituted at the time the matter was presented to the trial court for confirmation contained information casting serious doubts on Salim’s liability for this indebtedness.
The counter affidavits filed by plaintiff in response to the motion for summary judgment show the account was initiated solely by Fussell and all negotiations were conducted by Fussell with the City during the period involved. Title to the Wood-lawn Manor property was in the names of Fussell and Salim for only a brief period from January until April, 1972, when title was transferred to S. & F. Enterprises, Inc. It remained in this corporation until March, 1973, when it was sold to Peter T. Skov. According to the affidavit of the plaintiff’s supervising manager, the first knowledge by the City that Salim had at any time been involved in the ownership of the property was in March, 1973, through a telephone conversation with a secretary in the office of Fussell. This information is obviously hearsay and cannot be considered as evidence.
It is thus apparent there was not sufficient legal evidence presented to show to a legal certainty appellant was personally responsible for any particular portion of this indebtedness.
Calvert Fire Insurance Company v. Felton, 244 So.2d 311 (La.App. 4th Cir. 1971) holds a plaintiff who seeks a judgment by default must present evidence to prove all the essential elements of his petition the same as if they had been denied. See also Baker Finance Co., Inc. v. Hines, 255 La. 971, 233 So.2d 902 (1970).
In support of his request for us to remand, appellant attached an affidavit to his brief to this court setting forth that he and Fussell were represented by a Monroe attorney whom he understood was to defend the proceedings. After an adverse ruling on the exception and motion for summary judgment, no further filings were made by the attorney. The first knowledge appellant had of judgment being rendered by default was on receipt of the notice of judgment forwarded by the clerk. This information although not part of the record of the appeal, may be considered by us in the exercise of our discretionary power to remand. See First National Bank of Abbeville v. LeBlanc, d/b/a Cliff’s Shoe Store, 217 So.2d 724 (La. App. 3d Cir. 1969).
Under the circumstances presented, we are of the opinion it would be inequitable to reject appellant’s request to set aside the judgment rendered against him by default.
For the foregoing reasons the judgment of the trial court as against appellant is annulled and set aside, and this case is remanded to the court a quo for a new trial.
Costs of this appeal are taxed to appel-lee, all other costs to await final determination of this cause.