332 So.2d 873 (1976)
Clifford F. FAVROT, Jr.
v.
Katherine Boulet BARNES.
No. 7313.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
Writ Granted July 2, 1976.
*875 Maurice R. Franks, New Orleans, for plaintiff-appellant.
D. Douglas Howard, Jr., Rudman & Howard, New Orleans, for defendant-appellant.
Before REDMANN, BOUTALL and SCHOTT, JJ.
REDMANN, Judge.
An ex-husband appeals from an alimony award as unwarranted and, alternatively, excessive. Because this court en banc has today decided that an ex-wife must show circumstances which make her unable to support herself by working before she can obtain post-divorce alimony, Ward v. Ward, La.App.1976, 332 So.2d 868, we remand to allow the parties to present evidence on this point.

Entitlement
This prospective husband and wife, in middle age, had each been married before. They executed a pre-marital agreement stipulating separateness of property. We first reject the husband's argument that the agreement's waiver by each of every "claim to the property" of the other in case of divorce or death is a waiver of alimony. If public policy were to allow such a waiver, this agreement does not constitute one. Alimony to a divorced wife is not a "claim to the property" of the husband; it is a claim against the husband, limited by his "income", C.C. 160.
The spouses had other pre-marital discussions in which, at the husband's instance, they agreed to limit sexual intercourse to about once a week. The husband asserts, as divorce-causing fault, that the wife did not keep this agreement but sought coitus thrice daily. The wife testifies she kept their agreement despite her frustration at not being "permitted" at other times even to touch her husband.
We reject the view that a premarital understanding can repeal or amend the nature of marital obligations as declared by C.C. 119: "The husband and wife owe to each other mutually, fidelity, support and assistance." Marriage obliges the spouses to fulfill "the reasonable and normal sex desires of each other." Mudd v. Mudd, 1944, 206 La. 1055, 20 So.2d 311. It is this abiding sexual relationship which characterizes a contract as marriage, Phillpott v. Phillpott, La.App.1973, 285 So.2d 570, writ refused La.App., 288 So.2d 643, rather than, e.g., domestic employer-employee, or landlord-tenant. Persons may indeed agree to live in the same building in some relationship other than marriage. But that is not what our litigants did. They married.
The law does not authorize contractual modification of the "conjugal association" except "[i]n relation to property," C.C. 2325. C.C. 2327 prohibits alteration of marriage like that agreed to here which the wife allegedly breached: "Neither can husband and wife derogate by their matrimonial agreement from the rights resulting from the power of the husband over the person of his wife . . . ." Norbecause the rights over the person are largely mutual, C.C. 119 and La.Const. art. 1 § 3can their matrimonial agreement derogate from the power of the wife over the person of her husband.
The fault here alleged by the husband is not, in law, any fault.
The husband also finds fault in the wife's not having sufficiently disciplined her daughter by a previous marriage. There appears to have been a personality conflict between husband and daughter, which resulted in the wife's awesome decision to send her teen-age daughter out of her home to placate the husband. The daughter was away from home for almost all of the last year and a half of the marriage. The wife's behavior regarding her daughter was far from fault towards the husband.
We find no fault which would defeat the ex-wife's entitlement to alimony.
*876 The husband further argues that the wife, who taught school before the marriage, is able to support herself and therefore is not entitled to alimony. To the extent that an ex-wife's earnings are "sufficient means for her support", C.C. 160, the husband cannot be required to provide alimony. Therefore an ex-wife's quitting or refusing reasonable employment cannot oblige the ex-husband to provide her with the maintenance money that quit or refused employment would provide. Despite pre-Ward cases' having ignored the question, the ex-wife's burden of proving lack of means includes, at least since Louisiana's 1974 Constitution, proving circumstances that prevent her from supporting herself by working. Louisiana law does not allow an ex-husband to escape an alimony obligation by refusing to work; Zaccaria v. Beoubay, 1948, 213 La. 782, 35 So.2d 659; Viser v. Viser, La.App.1965, 179 So.2d 673; Rakosky v. Rakosky, La. App.1973, 275 So.2d 421. Constitutional principles of justice administered without partiality, La.Const. art. 1 § 22, and against unreasonable discrimination because of sex, art. 1 § 3, oblige us to rule that an ex-wife cannot create an alimony obligation by unjustifiably refusing to work.
This new interpretation of C.C. 160, however, was not known to this ex-wife at time of trial. To reject her claim for lack of proof on this point would be unfairjust as it would be unfair to the ex-husband to hold that the wife's passing references to unavailability of a teaching post and to an arthritis condition sufficed to prove both that the wife cannot find work as a teacher and that she physically cannot do other work. We are opposed to either affirming or reversing the grant of alimony under the circumstances, in view of the rule that a change in circumstances must ordinarily be shown in order to change an alimony fixing, Bernhardt v. Bernhardt, La.1973, 283 So.2d 226. Under C.C.P. 2164's authority for any judgment that is just and proper on the record, we elect to remand so that the parties may introduce evidence on the wife's ability to support herself.

Amount
Because we set aside and remand we cannot rule on the correctness of the amount fixed. We do note, however, that the husband's argument that the alimony obligation is only for food, clothing and shelter is rejected by Bernhardt, supra.

Other
The husband sought by rule to compel the wife to sign joint income tax returns for 1972 through 1974. The rule was dismissed July 2, 1975, long after this April 4 appeal from another judgment. This is not a case of a delayed signing of an announced judgment, as in Richards v. Gettys, La.App.1976, 329 So.2d 475. This appeal was not taken from any ruling on the signing of the returns.
Set aside and remanded.