339 So.2d 843 (1976)
Clifford F. FAVROT, Jr.
v.
Katherine Boulet BARNES.
No. 58195.
Supreme Court of Louisiana.
November 8, 1976.
Dissenting Opinion December 7, 1976.
Rehearing Denied December 10, 1976.
*844 D. Douglas Howard, Jr., New Orleans, for defendant-applicant.
Maurice R. Franks, New Orleans, for plaintiff-respondent.
SANDERS, Chief Justice.
In this suit for divorce the district court found the wife to be free from fault and awarded her alimony after divorce in the amount of $800.00 per month, pursuant to Article 160 of the Louisiana Civil Code. The husband appealed, and following its decision in Ward v. Ward, 332 So.2d 868 (4th Cir., 1976), handed down the same date, the Court of Appeal set aside the district court judgment and remanded the case in order that the parties might introduce evidence regarding the wife's ability to support herself. Favrot v. Barnes, 332 So.2d 873 (4th Cir., 1976).
Both parties sought writs to this Court. Mr. Favrot's application was denied. La., 334 So.2d 436 (1976). Mrs. Barnes' application, which alleged that "[t]he Court of Appeal erred in its interpretation of R.C.C. Article 160 by remanding the case for proof of MRS. FAVROT's inability to work[.]" and "[t]he Court of Appeal erred in failing to affirm the amount of alimony awarded to MRS. FAVROT by the trial court absent a finding of abuse of discretion of the trial judge[.]" was granted. La., 334 So.2d 429 (1976).
The only issue presented for our review is whether the earning capacity of an unemployed, divorced wife bars her from alimony absent a compelling reason which prevents her from accepting employment.
For the reasons assigned in Ward v. Ward, No. 58,279, La., 339 So.2d 839 (1976), handed down this date, we hold that the earning capacity of an unemployed, divorced wife does not bar her from alimony under Article 160 of the Louisiana Civil Code.
Having reviewed the record in the present case, we find that the district court's award of $800.00 per month was not an abuse of discretion.
For the reasons assigned, the judgment of the Court of Appeal is reversed insofar as it pertains to alimony, and the judgment of the district court awarding Mrs. Barnes alimony in the amount of $800.00 per month is reinstated and made the judgment of this Court.
SUMMERS, J., dissents and assigns reasons.
CALOGERO and DENNIS, JJ., dissent for the reasons assigned by the Court of Appeal.
SUMMERS, Justice (dissenting).
For the reasons assigned in my dissent in Ward v. Ward, La., 339 So.2d 839, I respectfully dissent.