HEARD, Judge.
Mary Trixie Cormier obtained a legal separation from the plaintiff, Louis Allen Cor-mier, on January 15, 1970. Child support was awarded to Mary Trixie Cormier in the amount of $600.00 per month. The plaintiff, Louis Allen Cormier, petitioned for an absolute divorce and it was granted on October 26, 1972. The child support payments were continued until June 1975, when the child reached the age of majority and finished school.
During the first part of 1976, plaintiff terminated alimony payments to defendant, resulting in a contempt rule. Plaintiff reconvened with a rule to terminate alimony and, alternatively, to have alimony reduced because of a recent injury resulting in his inability to work. The district court, after *229 hearing all of the evidence, denied the rule to terminate alimony but did grant a reduction in alimony payments to $85.00 per month until Louis Allen Cormier resumed work. It is from the court’s denial of the rule to terminate alimony that plaintiff appealed.
The evidence adduced during the trial showed that the defendant owned a home valued at $36,000.00 in 1968, had savings in the bank in the amount of $14,476.93, and a checking account amounting to $1,387.32. It was shown that the plaintiff had remarried and earned between $20,000.00 and $30,000.00 per year, paid $556.00 per month on a house, car and furniture notes; and, lived for six months of the year in Nigeria where he was employed and his living expenses were paid by his employer.
The general rule, as stated in Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir.1968), is that “a party subsequently seeking a modification of an initial award has a burden of proving justification for the change due to an alteration in the financial condition of one of the parties.” Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951). In the present case, the only change in circumstances alleged by the plaintiff is that he was injured and at the present time was receiving less income than he had received in the past. And, for this reason, the trial judge granted a reduction in his alimony until he was again in good health.
The court further stated in Vestal v. Vestal “the trial court is vested with much discretion in fixing the amount of alimony and his award will not be disturbed on review unless there has been a clear abuse of this discretion or manifest error in his factual appreciations.” Street v. Street, 205 So.2d 839 (La.App. 2 Cir. 1967); McMath v. Masters, 198 So.2d 734 (La.App. 3 Cir. 1967).
In the present case, we find no abuse or manifest error and for that reason we will not disturb the judgment of the district court. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.