CULPEPPER, Judge.
The plaintiff wife sued the defendant husband for separation from bed and board on the grounds of cruelty. She also prays for alimony pendente lite and for child custody and child support. The district court granted to the plaintiff wife a judgment of separation from bed and board on the grounds of cruelty, awarded the wife $400 per month as alimony pendente lite and awarded her custody of one child and the sum of $50 per week as child support. The defendant husband appeals only that portion of the judgment which awards to the wife alimony pendente lite.
The issue is whether the waiver by the wife in an antenuptial contract of all claims for alimony is an agreement against public policy and therefore an absolute nullity. We ultimately conclude that Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967) is controlling on the issue. That case holds that a waiver of alimony pendente' lite, by the wife in a community property settlement following a judgment of separation from bed and board is not an absolute nullity but is only a relative nullity, since the statutory requirements for alimony penden-te lite are established for the protection of an individual and not for the protection of public order and good morals.
The facts of the present case are that in April of 1963 the plaintiff and the defendant entered into an antenuptial contract in which they agreed that there would be no community of acquets and gains during the marriage. In paragraph 13 of the contract the wife expressly waived all claims for alimony by the following language:
“It is further understood, agreed and contracted by and between the parties hereto, and the said Vertie Eagles, Nee Leeper, does specifically and especially waive, give up and relinquish any and all rights or claims which she might have to claim or collect sustenance, alimony, support, maintenance or funds for any reason from the said Andrew Sampson Holliday, his property, estate, succession, funds or otherwise in the event the parties shall discontinue living together as man and wife in the same house or under the same roof after the contemplated marriage between them, or in the event a judicial separation or divorce is obtained by either of the parties hereto. This relinquishment and waiver to be binding and effective regardless of the cause or reason for the discontinuance of the parties living together and regardless of who is at fault in the event of a judicial separation or divorce between them.”
The parties were married in May of 1963. On June 25,1976 the plaintiff wife filed the present suit for separation from bed and board on the grounds of cruelty. She also *1384 prayed for alimony pendente lite. The defendant husband denied cruelty on his part and filed a reconventional demand for judgment of separation from bed and board on the grounds of the wife’s cruelty. The district court rendered judgment of separation from bed and board in favor of the wife, rejected the husband’s reconventional demand, and awarded the wife alimony pen-dente lite in the sum of $400 per month.
The defendant husband contends the antenuptial contract was drawn in strict compliance with the provisions of LSA-C.C. Article 2325, et seq. regarding marriage contracts, and that the waiver by the wife in that contract of any claim for alimony following a judicial separation is not against public policy and is a valid and binding agreement.
LSA-C.C. Article 2325 expressly provides for antenuptial contracts as follows:
“In relation to property, the law only regulates the conjugal association, in default of particular agreements, which the parties are at liberty to stipulate as they please, provided they be not contrary to good morals, and under the modification hereafter prescribed.”
LSA-C.C. Article 2326 provides that an antenuptial contract cannot alter the order of inheritance by the children or posterity of the parties. Article 2327 provides that such a contract cannot derogate from the power of the husband over his wife and children. Article 2392 expressly provides that the parties may stipulate that there shall be no community of acquets and gains. Article 2395 provides that where the parties agree that they shall be separate in property, each contributes to the expenses of the marriage in the manner agreed to in their contract, or, if there be no agreement in the contract, the wife contributes one-half of the expenses of the marriage.
From a review of the above codal provisions regarding antenuptial contracts, it is apparent that there is no provision in the articles prohibiting a waiver by the wife of her claim for alimony pendente lite. To the contrary, Articles 2392-2396 appear to contemplate that where the parties agree there shall be no community of acquets and gains and that each shall be separate in property, the expenses incurred during the marriage shall be borne one-half by each. Since alimony pendente lite, under LSA-C.C. Article 148, arises from the husband’s obligation to continue to support his wife during the existence of the marriage, Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976), it would appear that Articles 2392-2396 contemplate that the parties can agree in an antenuptial agreement that the husband will not have the duty to support his wife following a judgment of separation from bed and board.
The plaintiff wife relies on LSA-C.C. Article 119, which provides with reference to the duties of married persons that “The husband and wife owe to each other mutually, fidelity, support and assistance.” Plaintiff cites Favrot v. Barnes, 332 So.2d 873 (La.App. 4th Cir. 1976) in support of her contention that her waiver of alimony is an absolute nullity since it is against public policy. In that case, an antenuptial contract contained a waiver by each party of every “claim to the property” of the other in case of divorce. In denying the wife’s claim for alimony after divorce, LSA-C.C. Article 160, the court held that the waiver by the wife in the antenuptial agreement of any “claim to the property” of the husband in case of divorce is not a waiver of alimony, but instead is only a waiver of any claim to the property of the husband. However, the court stated in dicta, without deciding, that there may be some question as to whether such a waiver of alimony after divorce is against public policy. The court stated:
“We first reject the husband’s argument that the agreement’s waiver by each of every ‘claim to the property’ of the other in case of divorce or death is a waiver of alimony. If public policy were to allow such a waiver, this agreement does not constitute one. Alimony to a divorced wife is not a ‘claim to the property’ of the husband; it is a claim against the husband, limited by his ‘income’, C.C. 160.” (Emphasis supplied)
*1385 In Favrot v. Barnes, supra, the antenup-tial agreement also contained the provision whereby the parties agreed to limit sexual intercourse to about once a week. The husband asserted, as divorce-causing fault, that the wife did not keep this agreement but sought intercourse three times a day. Quoting the provisions of LSA-C.C. Article 119 that “The husband and wife owe to each other mutually, fidelity, support and assistance.”, the court held that LSA-C.C. Articles 2325, et seq., permitting antenup-tial contracts does not authorize contractual modification of the “conjugal association”. The court stated that marriage obliges the spouses to fulfill “the reasonable and normal sex desires of each other.”, citing Mudd v. Mudd, 206 La. 1055, 20 So.2d 311 (1944).
Our Supreme Court denied the application for writs by the husband in Favrot v. Barnes, indicating agreement with the holding by the Court of Appeal which construed LSA-C.C. Article 119 and Article 2325, et seq., as prohibiting an agreement in an antenuptial contract limiting sexual relationships between the parties. We note, in passing, that the wife’s application for writs was granted and the Supreme Court held, on another issue, that the unemployed wife’s earning capacity did not bar her from alimony after divorce under Article 160. See 339 So.2d 843 (S.Ct.1976).
Thus, neither the Court of Appeal nor our Supreme Court held in Favrot v. Barnes, supra, that the wife cannot waive, in an antenuptial contract, her claim for alimony pendente lite.
Of course, the jurisprudential rule is that a waiver of alimony pendente lite by the wife in a community property settlement following a judicial separation is null, since it is not one of the permissible contracts between husband and wife during marriage under LSA-C.C. Articles 1790 and 2446. As stated in the Casenote, 13 Loyola Law Review 179, on Nelson v. Walker, supra, some of the early cases had held this was an absolute nullity. But Nelson v. Walker settled that issue by holding the nullity in those cases is only relative. In the present case we are not concerned with relative nullity under LSA-C.C. Articles 1790 and 2446, since the antenuptial contract at issue here was entered into before marriage, and its provisions are valid unless they are against public policy.
We recognize persuasive arguments can be made that a waiver of alimony pen-dente lite, as in the present case, should be against public policy' because the husband has the management and control of community property and his obligation to support his wife during the marriage, which would include the period between the judgment of separation from bed and board and the time of the final divorce, should be a duty which arises out of the basic nature of marriage, described in LSA-C.C. Article 119 as the mutual duty of “fidelity, support and assistance.” Our brothers of the Fourth Circuit apparently reasoned in Favrot v. Barnes that the duty of “fidelity”, including the duty to fulfill the reasonable and normal sexual desires of each other, is a matter of public policy and cannot be waived or modified by contractual agreement between the spouses, and the Supreme Court apparently agreed with this by denying the husband’s application for writs. Nevertheless, as to the duty of the husband to pay alimony pendente lite under Article 148, we are constrained to follow the express holding of our Supreme Court in Nelson v. Walker, 250 La. 545, 197 So.2d 619 (1967) where the court stated:
“We find that Mrs. Brashear’s error in waiving her right to alimony pendente lite constituted a relative nullity. The nullity stemmed from an act in derogation of laws enacted for the individual’s protection and was not in violation of public order or good morals. Cf. Succession of Delesdernier, La.App., 184 So.2d 37, 56. ‘This court has differentiated between absolute nullities in derogation of public order and good morals and those which are established in the interest of individuals. The latter nullities are susceptible of ratification, either expressly or impliedly, and may be prescribed against, while the former are never susceptible of ratification and can never be prescribed.’ ”
*1386 For the reasons assigned, the judgment appealed is amended so as to delete therefrom the award to the plaintiff wife of alimony pendente lite. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff wife.
AFFIRMED, AS AMENDED.
STOKER, J., concurs and will assign written reasons.