BLANCHE, Judge.
This is an appeal from a trial court judgment granting alimony of $200 per month to the defendant-appellee-wife (hereinafter referred to as “wife”).
Plaintiff-appellant-husband (hereinafter referred to as “husband”) and his wife were divorced on April 9, 1976. Husband stipulated his fault. On May 29,1976, a community property settlement was perfected granting wife $7,500 and granting husband full title to all other community assets. On February 24, 1977, wife filed a rule for alimony. Judgment was rendered on March 14, 1977, granting wife alimony of $200 per month.
Two errors are submitted by husband-appellant, and they both center around the sufficiency of the wife’s means for her support.
*1265 Article 160 of the Louisiana Civil Code places an obligation on the husband to pay alimony to a faultless wife when she does not have sufficient means for her support.
The record reflects that the wife would have sufficient means for her support, as she is a registered nurse and when employed on a full-time basis earns from $1,200 to $1,300 per month. The evidence also shows that from the time of their separation until after their divorce she never made any demand for money for her support from her husband. It is fair to conclude from the evidence that it was not until the wife decided to leave her employment at the Doctors Memorial Hospital in Baton Rouge, Louisiana, to return to Louisiana State University with the purpose of obtaining a degree, and possibly in the future a degree from a medical school, that she demanded alimony. Thus, it is apparent that she has and can support herself without the help of her husband, except for the fact that she would like to further her education.
The record supports a finding that the wife is in necessitous circumstances as a result of only working part time and that an award of $200 per month would not be an abuse of the trial judge’s discretion considering the husband’s financial circumstances.
We are unable to consider the wife’s earning capacity and ability to support herself, for our Supreme Court has held that a wife has no analogous duty to earn her own livelihood, thus relieving her husband of his liability for alimony, and that the earning capacity of an unemployed divorced wife does not bar her from collecting alimony under Article 160 of the Louisiana Civil Code. Ward v. Ward, 339 So.2d 839 (La.1976); Favrot v. Barnes, 339 So.2d 843 (La.1976).
Thus, under the present state of the jurisprudence, the husband ought to feel grateful that his wife is at least working part time, therefore, lessening the amount which he would have to contribute to her support. This Court has seriously considered the argument of the husband-appellant where in his brief he has written:
“I believe it is time that our courts follow the example set by the Mississippi Supreme Court in the matter of Charles B. Taylor v. Bonnie Taylor. In that decision, the Mississippi Supreme Court ruled that a divorced wife should not expect automatic alimony awarded, because most women are capable of supporting themselves. The court said that conditions have changed in recent years and no more reason exists for the husband to pay alimony to a divorced wife than there is for a divorced wife to support her former husband. The court went on to say that each of the parties is capable of earning and actually is earning a livelihood and their respective economic circumstances are substantially equal. The time appears to [be] rapidly approaching, if it has not already arrived, when a wife should be considered to occupy a status equal to that of her former husband with respect to a claim for support in the nature of alimony following divorce. Alimony, long considered the exclusive prerogatory [sic] of the wife, had its origin in a less complicated era and evidenced a real concern of society that a divorced wife should not become a public charge. In earlier days, this apprehension was fully warranted by the many disabilities, legal, educational, social and moral, with which the wife was encumbered. The court went on to say that these handicaps almost inevitably left her unable to support, herself and thus constituted the basis upon which she was able to receive alimony from her former husband. The court went on to recognize that all of these disabilities have been altered today beyond recognition. The court did not take away the wife’s right to alimony completely; it went on to say that the wife must continue to have a right to alimony when she can not support herself. * * *
The force of this argument is almost irresistible, and though it may portend the future law in this state, according to our understanding, it is not now the law.
*1266 For these reasons, we affirm the alimony judgment granted by the trial court and assign costs to the plaintiff-appellant.
AFFIRMED.