352 So.2d 749 (1977)
James Herbert LABEUVE, Plaintiff-Appellant,
v.
Betty Lou LABEUVE, Defendant-Appellee.
No. 6172.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Rehearing Denied December 14, 1977.
*750 Young & Jackson by I. Jackson Burson, Jr., Eunice, for plaintiff-defendant in reconvention-appellant.
Cline, Miller, Richard & Miller by Jack Derrick Miller, Rayne, for defendant-plaintiff in reconvention-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
GUIDRY, Judge.
James Herbert Labeuve brings this appeal from a judgment which compels him to pay alimony in the amount of $150.00 per month to his former wife, Betty Lou Labeuve. He contends that the trial court's award was excessive under the circumstances of this case and that the court erred in refusing to take into account Mrs. Labeuve's ability to work in fixing the amount of the alimony award.
On January 14, 1976, Mr. Labeuve brought suit against his wife, seeking a judicial separation on the grounds of cruel treatment. Mrs. Labeuve reconvened and sought a divorce on the grounds of adultery. On July 19, 1976, a judgment granting a divorce in favor of Mrs. Labeuve was rendered and signed. The judgment awarded her the sum of $250.00 per month as child support for the care of two minor children born of the marriage. No provision was made in the judgment for alimony. Although the divorce judgment does not state the grounds upon which it was rendered, the record in this case indicates that the divorce was granted on the basis of adultery on the part of Mr. Labeuve.
On February 24, 1977, Mrs. Labeuve brought a rule to fix permanent alimony. In this rule the relator sought $244.70 per month. After trial, the rule was made absolute ordering Mr. Labeuve to pay alimony in the amount of $150.00 per month. Mr. Labeuve prosecutes this appeal from that judgment.
In his brief to this court, counsel for Mr. Labeuve seeks to collaterally attack the validity of the divorce decree, insofar as it purports to show that Mr. Labeuve was at "fault", urging that there was a lack of proper supporting evidence for rendition of said judgment. Counsel for Mrs. Labeuve, on the other hand, contends that the divorce judgment of July 19, 1976 was rendered on sufficient evidence.
The validity of the previous judgment of divorce is not at issue in this proceeding. One cannot attack the validity of a judgment valid on its face collaterally or otherwise by reference thereto in brief on appeal. In any event, the recitals in a judgment are presumed correct and the judgment is assumed to have been rendered upon sufficient evidence. American Supply Company of Morgan City, Inc. v. Petrolane Offshore Construction Services, Inc., 289 So.2d 356 (La.App.1st Cir. 1973) and cases therein cited. The judgment of divorce which dissolved the marriage between plaintiff and defendant was rendered and signed on July 19, 1976. This judgment is *751 now final, the delays for appealing having long expired. This judgment and the record supporting same reveal that the marriage was dissolved as a result of fault on the part of Mr. Labeuve, i.e., adultery. There is no showing whatever of fault on the part of Mrs. Labeuve.
We now turn to plaintiff-appellant's contention that the trial court erred in awarding Mrs. Labeuve alimony in the amount of $150.00 per month.
Appellant's primary argument, as we understand it, is that a 31 year old woman who does not have custody of the children born of the marriage[1] should be compelled to prove that she is unable to work before she is entitled to an award of permanent alimony. In support of this contention, able counsel for plaintiff-appellant relies on the existence of a duty on the part of a mother as well as the father to support the children of the marriage. He also contends that the effect of the trial court's judgment is to impose the entire obligation of child support upon the ex-husband, as well as the obligation to support a purposely indolent exwife. He argues that this result constitutes a denial of equal protection of the laws guaranteed under the United States Constitution, Article XIV, Section 1 and the Louisiana Constitution, Article I, Section 3 and Article I, Section 22.
The contentions of plaintiff-appellant have been resolved against him in two recent Supreme Court cases which specifically hold that the earning capacity of an unemployed, divorced wife does not bar her from alimony under Article 160 of the Louisiana Civil Code. Ward v. Ward, 339 So.2d 839 (La.1976); Favrot v. Barnes, 339 So.2d 843 (La.1976).
Considering the very explicit holding of the Ward and Favrot cases, supra; we reject the contentions of plaintiff-appellant that the above expressed rule does not apply because of certain factual distinctions present in the instant case. As we interpret the jurisprudence of this state, the earning capacity of a divorced wife does not bar her from alimony notwithstanding the fact that she is relatively young, does not have custody of the children, and has not sought employment. We note that in the recent case of La Hood v. La Hood, 340 So.2d 624 (La.App.2nd Cir. 1976), our brethren of the Second Circuit made the following observation in a footnote to that opinion:
"Stated briefly, that holding (Ward v. Ward, supra) does not allow a trial court to compel a divorced wife to seek employment as a prerequisite to obtaining alimony under C.C. Article 160 under any circumstances." (emphasis added)
Plaintiff-appellant's equal protection argument, while accepted by the Fourth Circuit in Favrot v. Barnes, 332 So.2d 873 (La.App.4th Cir. 1976), was apparently rejected by the Supreme Court in its reversal of the Appellate Court. Favrot v. Barnes, 339 So.2d 843 (La.1976).
As aforesaid, the record indicates that the divorce was granted to Mrs. Labeuve on the basis of adultery by Mr. Labeuve. We view the record in this case and the divorce judgment as establishing a lack of "fault" on the part of Mrs. Labeuve. LSA-C.C. Article 160. Mrs. Labeuve's testimony clearly establishes that she is without sufficient means for her support.
It is axiomatic that the trial court has great discretion in fixing the amount of alimony. The award will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Nicolle v. Nicolle, 308 So.2d 377 (La.App.4th Cir. 1975); Broussard v. Broussard, 320 So.2d 236 (La.App.3rd Cir. 1975); Cormier v. Cormier, 345 So.2d 228 (La.App.3rd Cir. 1977). In the instant case, we find no abuse of the trial court's discretion. The judgment of the District Court is affirmed.
AFFIRMED.
NOTES
[1] Although Mrs. Labeuve was originally awarded custody of the two children born of the marriage their custody was subsequently changed to Mr. Labeuve on February 7, 1977. Simultaneously, Mr. Labeuve was relieved of his obligation to pay child support as fixed in the original divorce judgment.