BOLIN, Judge.
At issue in this suit against plaintiff’s former husband to partition his military retirement benefits is whether plaintiff ex-wife has produced sufficient proof of her demand to confirm a default judgment in her favor. The trial judge ruled plaintiff proved her entitlement to one-half of all retirement benefits, commencing from the date of dissolution of the marital community. Defendant appeals. We set aside the default judgment and remand.
At the confirmation proceeding plaintiff proved the following facts by way of documentary and testimonial evidence: that her ex-husband entered active duty in the U. S. Air Force in March 1953, married plaintiff in December 1956, and retired on April 1, 1973 from Barksdale Air Force Base in Bossier Parish, Louisiana; that the couple was judicially separated in Bossier Parish on October 29, 1975 and divorced in 1977; that defendant ex-husband was receiving a gross retirement income of $1,018 per month; that since the date of separation plaintiff has been living in Bossier City and defendant in Shreveport.
The record contains neither allegations nor evidence to show defendant’s domiciliary state when he entered the U. S. Air Force (see La.R.S. 1:54)., There are no allegations nor evidence to indicate that plaintiff and defendant married in Louisiana or indeed resided as husband and wife in Louisiana or another community property state at any time during the period of defendant’s active duty, when he was earning his retirement benefits.
To confirm a default judgment, the plaintiff must prove the essential elements of the claim by competent evidence, as fully as though each allegation in the petition had been specifically denied by the defendant. Louisiana Code of Civil Procedure Art. 1702; City of Monroe v. Fussell, 297 So.2d 482 (La.App. 2d Cir., 1974). Although there is normally a presumption that a default judgment was confirmed by evidence sufficient to support a prima facie case, this presumption is not operative where, as here, the record on appeal contains a complete transcript of the confirmation proceedings. Acme Poster Advertising Co. v. State, Dept. of Highways, 352 So.2d 397 (La.App. 3d Cir., 1977).
Plaintiff’s evidence outlined above is not sufficient to show a prima facie entitlement to one-half of all retirement benefits due defendant since the date of the dissolution of the community. Specifically, plaintiff has not shown that a community regime ever existed during the twenty years of defendant’s active duty when he earned those benefits. This failure of allegations or proof renders impossible a judicial determination of what portion, if any, of defendant’s retirement pay constitutes community property. See Swope v. Mitchell, 324 So.2d 461 (La.App. 3d Cir., 1975).
*1148 Por the reasons assigned, the default judgment of December 21, 1977 is set aside and the case is remanded for further proceedings. All costs are to await the final determination of the cause.