MARVIN, Judge.
In this divorce proceeding after a legal separation, the husband appeals from a default judgment against him for permanent alimony. He contends his wife did not sus *1172 tain the burden of proof. We agree and reverse on this point and remand.
A prima facie case must be established in order to confirm a default judgment. C.C.P. Art. 1702. City of Monroe v. Fussell, 297 So.2d 482 (La.App.2d Cir. 1974). This record contains a transcript of the proceedings on confirmation of the default and it is upon this record that we must determine whether all essential elements of the wife’s demand were established by sufficient proof. With the record before us, we cannot presume that sufficient proof was presented. See Acme Poster Advertising Co. v. State, etc., 352 So.2d 397 (La. App.3rd Cir. 1977).
In the separation judgment, the husband was ordered to pay $500 monthly alimony pendente lite. We are not shown the circumstances upon which that award was based. Permanent alimony is based on different considerations than alimony penden-te lite. C.C. Arts. 148, 160. Frederic v. Frederic, 302 So.2d 903 (La.1974); Fitzpatrick v. Fitzpatrick, 303 So.2d 539 (La.App.4th Cir. 1974).
The only evidence relating to permanent alimony is the wife’s assent to her attorney’s statements that her husband had been ordered to pay $500 in the separation judgment and that she had recently agreed with her husband to reduce that amount to $250. We have no evidence that the wife has not sufficient means for her support. C.C. Art. 160.
Insofar as the permanent alimony award is concerned, judgment below is reversed and the case is remanded to allow the wife to present evidence to support her demand. Cost of this appeal is assessed to the appel-lee-wife.