386 So.2d 1063 (1980)
Mary Lee LOVELL, Plaintiff-Plaintiff-in-Rule-Appellee,
v.
Arthur Gordon LOVELL, Defendant-Defendant-in-Rule-Appellant.
No. 7688.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1980.
*1064 Richard E. Chaudoir, Alexandria, for defendant-appellant.
Vincent Hazleton, Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Plaintiff, Mary Lee Lovell, brought this action against her former husband, Arthur Gordon Lovell, seeking post-divorce alimony under LSA-C.C. Article 160.[1] Plaintiff's petition for alimony was filed on August 22, 1979. After a hearing on the merits on November 19, 1979, the trial judge fixed the alimony at $410.00 per month in a judgment dated November 28, 1979. From this judgment defendant appeals. We affirm.
The instant appeal is not related to earlier litigation between the parties which culminated with the Supreme Court decision in Lovell v. Lovell, 378 So.2d 418 (La. 1979). In the latter suit, instituted as a rule to increase alimony, the trial court terminated plaintiff's alimony in a judgment rendered June 1, 1979 and signed July 2, 1979 on the ground that alimony under the existing Article 160 was violative of the fourteenth amendment in light of Orr v. Orr, 440 U.S. 268, 99 S.Ct. 1102, 59 L.Ed.2d 306 (1979). On appeal, the Supreme Court held that LSA-C.C. Article 160, prior to its amendment by Act 72 of 1979, was unconstitutional. However, in so holding the court concluded *1065 that its decision would not be retroactive and that all judgments awarding alimony prior to the effective date of the amendment (June 29, 1979) would be unaffected by the decision. In its decree, rendered December 13, 1979, the Supreme Court reversed the trial court's judgment terminating plaintiff's alimony and reinstated plaintiff's award of $350.00 per month which she had been receiving prior to judgment on the rule and remanded the case for further proceedings. The instant suit for alimony was instituted after the effective date of LSA-C.C. Article 160, as amended, and during the pendency of the appeal to the Supreme Court on plaintiff's rule to increase alimony. For procedural clarity, we note that the judgment appealed from is not from the trial on remand, but on plaintiff's petition for alimony filed August 22, 1979.
Appellant contends that the evidence in the record does not support plaintiff's position that she was free from fault in the dissolution of the marriage and therefore entitled to permanent alimony. While the underlying principle of defendant's contention is true, i. e., the burden, in part, of the spouse seeking alimony is to show freedom from fault, see LSA-C.C. Article 160, supra, and Bowman v. Bowman, 355 So.2d 564 (La.App.3rd Cir. 1978), writ denied, 358 So.2d 641 (La. 1978); said contention under the facts of the instant case is without merit.
The defendant makes no allegation of post-separation fault. The issue of fault, having once been determined in favor of Mrs. Lovell, cannot now be relitigated. See Fulmer v. Fulmer, 301 So.2d 622 (La. 1974) and Moon v. Moon, 345 So.2d 168 (La. App.3rd Cir. 1977). The instant rule for alimony is directly related to the previous suits in which the parties were judicially separated and divorced wherein plaintiff was found to be free from fault. Although defendant contends there was no evidence introduced at the trial on the rule concerning these previous judgments, the previous suits were heard before the same trial judge that sat in the instant proceeding. It is axiomatic that a trial judge is free to take judicial notice of his own actions in a previous suit, in which he decided the fault issue in favor of one spouse, for the purpose of ruling on a related petition concerning the same parties when one spouse is seeking alimony under LSA-C.C. Article 160. See Chrysler Credit Corp. v. Henry, 221 So.2d 529 (La.App.4th Cir. 1969). We conclude the trial court made no error in this regard.
Defendant further contends that plaintiff is capable of earning a living for herself without support from him in the form of permanent alimony.
The record shows that plaintiff is sixty years old, received a ninth grade education, and has had minimal unskilled work experience. Medical testimony adduced at trial reflects that plaintiff is further restricted as to employable activity due to physical and mental infirmities. We find the record amply supports the determination of the trial court that Mrs. Lovell is not employable and we conclude the trial court was correct in so holding.
Appellant's final contention is that the trial court erred in setting the alimony at $410.00 per month. We find this contention to be without merit. As we stated in Labeuve v. Labeuve, 352 So.2d 749 (La. App.3rd Cir. 1977):
"It is axiomatic that the trial court has great discretion in fixing the amount of alimony. The award will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion." (citations omitted)
Our careful review of the record convinces us that there was no abuse of discretion by the trial court in fixing permanent alimony at $410.00 per month and we will not disturb such award.
For the above and foregoing reasons, the judgment appealed from is affirmed at defendant-appellant's cost.
AFFIRMED.
NOTES
[1] LSA-C.C. Article 160, as amended by La. Acts 1979, No. 72, effective June, 1979, provides as follows:

"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."