DOMENGEAUX, Judge.
This suit concerns the obligation of a spouse to pay permanent alimony.
On March 25, 1981, Barbara Buxton, plaintiff-appellee, filed suit against Donald Ray Buxton, Sr., defendant-appellant, seeking a divorce along with demands for past due alimony, past due child support, and for an increase in both. At the same time, a rule to show cause to fix alimony pendente lite and child support was set for hearing on April 10,1981. The petition for divorce and the rule were answered by defendant prior to the hearing on the rule.
After a hearing on the rule to fix alimony pendente lite and child support, the court, by judgment on rule, ordered Mr. Buxton to pay the sum of $135.00 as child support for the one minor child of the marriage, and the sum of $200.00 per month as alimony pendente lite.
Mr. Buxton appealed that judgment on May 8, 1981, but his appeal was later dismissed. The record in that case reflects that a judgment of divorce by default was rendered by the trial court on May 22, 1981, even though an answer had been filed by defendant as set forth above.
Thereafter, on July 10, 1981, Mr. Buxton filed suit to annul the previous default judgment.[1] The judgment was ordered null by the trial judge, and on August 31, 1981, this case came before the trial court on the principal demand for a divorce. No new evidence was offered by either Mr. or Mrs. Buxton. The parties stipulated that if the witnesses who testified in the previous hearings (i.e. the hearing on the rule April 10, 1981, and the default proceedings on May 22, 1981) were called to testify, the testimony would be the same.
The trial court, after considering the stipulation of counsel and considering the evidence presented in the prior hearings, awarded Mrs. Buxton custody of the minor child and continued child support at the rate of $135.00 per month, plus all necessary medical, dental, and pharmaceutical expenses incurred by said child. Mr. Buxton was granted specific visitation privileges. Additionally, permanent alimony was awarded Mrs. Buxton in the sum of $200.00 per month for her support. This appeal followed.
The sole issue presented on appeal is whether or not the trial court erred in his award of permanent alimony to Mrs. Bux-ton.[2]
La.C.C. Article 160 establishes the standard for permanent alimony, which provides as follows:
“When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony *1275 shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries.” (Emphasis added)
Mr. Buxton contends that the record lacks sufficient evidence supportive of a finding that his former wife was in necessitous circumstances, and therefore, she is not entitled to alimony under Article 160, supra. We disagree.
In Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir. 1980), this Court reviewed Article 160 as well as the jurisprudence dealing with post-divorce alimony. Rather than pharaphrase, we quote, to-wit:
“By the terms of Article 160 Mrs. Moss might be eligible for alimony of up to one-third of her former husband’s income since she was without fault. However, she bears the burden of proving that she has insufficient means for her support. Bowman v. Bowman, 355 So.2d 564 (La.App. 3rd Cir. 1978); Pleasant v. Pleasant, 362 So.2d 1171 (La.App. 2nd Cir. 1978).
The term ‘support’ or ‘maintenance’ has been interpreted to include food, clothing, and shelter, the basic necessities of life, Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950), as well as reasonable and necessary transportation expenses, utility expenses (such as gas and electricity), medical and drug expenses, household expenses, and income tax liability generated by the alimony payments, Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973).”
As aforementioned, no new evidence was introduced at the hearing for divorce in this matter. The parties stipulated that if previous witnesses at the hearing on the rule were called on hearing of divorce, the testimony would be the same.
At the hearing on the rule Mrs. Buxton offered as evidence, without objection, a list for monthly expenditures which she read into the record. On the basis of this list Mrs. Buxton calculated her expenses to be about $655.00 per month. We note here that the list included some expenses which are not within the scope of Article 160, such as grooming necessities and personal items ($25.00), and educational expenses ($25.00). Moss, supra. Adjusting for these expenses, we calculate Mrs. Buxton’s monthly expenses to be approximately $615.00.
The record reflects that Mrs. Buxton commutes to Louisiana State University at Alexandria, and anticipates that it shall require approximately two more years full-time attendance for her to earn her degree. Mrs. Buxton is employed at St. Mary’s Catholic School in Alexandria where she works the 3 to 11 shift each day, earning about $400.00 a month. In addition to keeping this schedule Mrs. Buxton also cares for two of her children,[3] the youngest one from the marriage to Mr. Buxton.
Considering the evidence we cannot say that the trial court was erroneous in concluding that Mrs. Buxton is in necessitous circumstances.
*1276 Appellant contends by argument in his brief that the trial court erred in setting permanent alimony at $200.00 per month. We find this contention to be without merit. It is axiomatic that the trial court has great discretion in fixing the amount of alimony. The award will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Lovell v. Lovell, 386 So.2d 1063 (La.App. 3rd Cir. 1980); Labeuve v. Labeuve, 352 So.2d 749 (La.App. 3rd Cir. 1977).
The record clearly shows that Mrs. Buxton’s monthly personal expenditures alone run about $615.00. Her income, however, is only in the neighborhood of $400.00 per month, out of which she cares for herself, and fulfills her support obligations to two of her children. Presently she is attending college full time which, for the time being (i.e. until she graduates), limits her earning capacity. Mr. Buxton, on the other hand, is employed by the Lake Charles Police Department, and at the time of the trial was earning approximately $887.00 per month. The award of $200.00 per month alimony is well within the maximum allowable under Article 160, and in light of the circumstances, we are unable to say the trial judge abused his discretion by awarding permanent alimony in such amount. See Lovell and Labeuve, supra.
For the above and foregoing reasons the judgment of the district court is affirmed at appellant’s costs.
AFFIRMED.

. In the nullity action Mr. Buxton contends that the divorce judgment taken by default was improper inasmuch as he had previously filed an answer in that action.

. Defendant does not contest the award of child support.

. Actually, three of Mrs. Buxton’s children and one grandchild reside with her. Her eldest child is a major and has a child of her own. Mrs. Buxton’s second to eldest child receives social security benefits which Mrs. Buxton uses for that child’s support.