420 So.2d 997 (1982)
JEFFERSON BANK & TRUST COMPANY
v.
NATIONAL GOLD MINING COMPANY, INC. and Virgil Lloyd.
No. 5-80.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 1982.
*998 Ronald J. Vega, Gauthier, Murphy, Sherman, McCabe & Chehardy, Kenner, for plaintiff-appellee.
Patrick F. Lee, Donelon, Cannella & Donelon, Metairie, for plaintiff-appellee.
Harry D. Hoskins, III & F. M. Stoller, Hammett, Leake, & Hammett, New Orleans, for defendant-appellant.
Before BOUTALL, KLIEBERT, and CURRAULT, JJ.
CURRAULT, Judge.
Jefferson Bank and Trust Company filed suit against National Gold Mining Company, Inc. and Virgil Lloyd seeking to recover under two promissory notes. A preliminary default judgment was taken on March 11, 1981, and confirmed on March 18, 1981. Defendant-appellant, National Gold Mining Company, Inc., has appealed contesting the validity of the default judgment. In return, plaintiff filed a Peremptory Exception of No Right or Interest and Motion to Dismiss.

PEREMPTORY EXCEPTION OF NO RIGHT OR INTEREST AND MOTION TO DISMISS
An exception is treated as what it actually is, not as what it is titled. Smith v. Smith, 341 So.2d 1147 (La.App. 1st Cir. 1977). Plaintiff has filed the above-styled motion suggesting to this court that the appeal in this cause should be dismissed. Although plaintiff's pleading has coupled two distinct motions and is entitled "Peremptory Exception of No Right or Interest and Motion to Dismiss," we find that the latter is in essence a motion to dismiss for irregularities since plaintiff is alleging irregularities imputable to defendant. This motion then is governed by LSA-C.C.P. art. 2161, and is untimely under such article.
Additionally, plaintiff, in suggesting that the appeal in this cause should be dismissed, contends that defendants have not in reality initiated their appeal in their own behalf, but said appeal was rather instituted by parties unauthorized to act on behalf of defendants, and who have no right or interest to prosecute the appeal.
Peremptory exception of no right of action raises a question of whether plaintiff has any interest in enforcing judicially the right asserted. Budd Const. Co., Inc. v. City of Alexandria, 401 So.2d 1070 (La.App. 3d Cir.1981). The record indicates that the appeal was taken by National Gold Mining Company, Inc., one of the named defendants. Certainly, National Gold Mining Company, Inc., as one cast in judgment, has a genuine and real interest in perfecting the appeal on its own behalf. We find the record void of any evidence supportive of plaintiff's allegations.
Accordingly, plaintiff's Peremptory Exception and Motion to Dismiss is denied.

MERITS
Appellee filed suit on January 21, 1981. A preliminary default judgment was taken on March 11, 1981, and was confirmed on March 18, 1981. Defendant-appellant complains that the perfection of the default judgment by the trial court was in error in that: (1) plaintiff did not make his claim legally certain and that he did not prove the essential allegations of his petition and claim by competent evidence as though each allegation was specifically denied by defendant; that (2) the default judgment was not supported by sufficient evidence presented by plaintiff; and that (3) the evidence heard did not conform to the pleadings as required by Louisiana law.
The first note, dated April 8, 1980, made payable to plaintiff-appellee in the sum of $25,000 with interest at the rate of eighteen percent (18%) per annum payable "on or before 120 days" was signed by defendant Virgil Lloyd.
The second note, dated May 3, 1979, made payable to plaintiff-appellee in the sum of $60,958.41, payable on demand and bearing an interest rate of "Chase prime plus 2½% adjustable monthly floating" carried the *999 written signature of Virgil Lloyd with the typed name of National Gold Mining Company, Inc. above Mr. Lloyd's signature. The back of this note bears the "personal endorsement" of Virgil Lloyd.
In confirming a default judgment, it is necessary that the plaintiff prove all essential elements of the claim by competent evidence, as fully as if each allegation had been specifically denied. LSA-C.C.P. art. 1702; Schueler v. Schueler, 362 So.2d 1146 (La.App. 2d Cir.1978). Normally a default judgment carries with it the presumption that the judgment was confirmed by evidence sufficient to support a prima facie case. However, this presumption is not operative in cases such as this where the record on appeal contains a complete transcript of the confirmation proceedings. Schueler, supra.
At the confirmation proceeding, plaintiff's counsel introduced and filed the entire record, more particularly the petition filed January 21, 1981, and the notes. On one note, the maker is only Lloyd and nowhere does it appear that National Gold Mining Company, Inc. is indebted on it. The petition, in Paragraph III, alleges the interest on the other note made by defendant National Gold Mining Company, Inc. to be sixteen percent (16%). In contrast, the said note clearly has "Chase prime plus 2½% adjustable monthly floating" notated on its face. The mere allegation that the interest rate was sixteen percent (16%) is not sufficient to confirm a default judgment. Plaintiff failed to introduce any evidence that would sufficiently support that allegation as if it had been specifically denied.
The judgment does not cast anyone, but is simply rendered in favor of plaintiff for the total amount alleged to be due under both notes. Accordingly, since the plaintiff has failed to prove with any legal certainty the exact amount due on one particular note, we cannot accept the amount recited in the affidavit of correctness to be the correct unpaid balance of both notes.
For the reasons assigned, the judgment of the trial court is annulled and this case is hereby remanded to the trial court for further proceedings consistent with the findings herein. Assessment of all costs shall await final disposition of this matter by the trial court.
ANNULLED AND REMANDED.