FORET, Judge.
This is a suit for post-annulment alimony and child support filed by Jane Clarius Freet as the putative spouse of Gary Wayne Freet. At issue on appeal is the status of the parties with regard to good faith and what amount, if any, is proper for alimony and child support.
FACTS
Gary Wayne Freet and Virginia Ann Peavy were married in Brewton, Alabama, in August of 1962. Although the two physically .separated a short time after the marriage, a final judgment of divorce was not rendered until March 14, 1968, in Escambia County, Florida. Prior to the rendering of the divorce decree, Gary Wayne Freet married Jane Clarius in Rapides Parish, Louisiana, on November 20, 1967. Thus, a legal impediment existed as to his second marriage. One child, Steven, was born of the second marriage.
Because of the legal impediment, Jane Clarius Freet filed a petition for nullity on *1368 June 26, 1982. A judgment of nullity was granted on December 23, 1982. Subsequently, Jane instituted proceedings by rule seeking post-annulment alimony and child support.
The trial court found that Jane was in good faith, but Gary was in bad faith. Therefore, Jane was legally entitled to post-annulment alimony. The trial court further found, however, that Jane’s economic circumstances did not warrant an award of alimony. Child support was set at $250 per month.
Jane has appealed, claiming that the trial court erred in its finding that her economic circumstances did not justify an award for alimony. Also, she seeks an increase in the amount awarded for child support. Gary has answered that appeal seeking a reversal of the trial court’s finding as to the good faith of the parties and in the alternative, praying for affirmation of the trial court’s finding.
GOOD FAITH OF THE PARTIES
Under the putative marriage doctrine, it is now well settled that a good faith spouse can receive post-annulment alimony from the other spouse when the latter is in bad faith. Cortes v. Fleming, 307 So.2d 611 (La.1973). Good faith in this context means an honest and reasonable belief that the marriage was valid and that no legal impediment to it existed. Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502 (La.1949).
Gary, in answer to appeal, contends that the trial court erred in his finding as to the good faith of the parties. He argues that the state of mind of the parties was exactly the same and therefore the trial court could not have found one in good faith and the other in bad faith. He also alleges that the presumption of good faith in his favor was not rebutted. Schaefer v. Schaefer, 379 So.2d 864 (La.App. 4 Cir.1980).
The facts show that Jane knew of the existence of her husband’s prior marriage, but that fact does not prevent her from being in good faith simply because she does not conduct an independent investigation into the prior relationship. Gathright v. Smith, 368 So.2d 679 (La.1978). She was told by her husband that his marriage occurred in 1962 and lasted only a short time. Since Jane’s marriage to Gary did not take place until four or five years after his prior marriage, she was justified in her belief that there was no legal impediment to the marriage. We can find no evidence which shows that Jane received any information which cast any real doubt on the validity of her marriage.
Gary, on the other hand, blindly relied on the assertion of his ex-wife, who was located in Florida. He knew as late as the summer of 1967 that his divorce proceedings had not yet begun, and then failed to check on the status of the proceedings before his wedding in 1968. Because we find that the trial judge was not clearly wrong in his evaluations, we affirm the trial court’s finding that Jane was in good faith and Gary was in bad faith [1]
POST-ANNULMENT ALIMONY
Post-annulment alimony is described as a pension, indemnity or damage right[2]. Although not perfectly analogous[3], post-annulment alimony is closely akin to post-divorce alimony under Louisiana Civil Code Article 160, as opposed to alimony penden-te lite under Civil Code Article 148. Super v. Super, 397 So.2d 1084 (La.App. 4 Cir. *1369 1981). Thus, we feel that in order to receive post-annulment alimony from a bad faith spouse, the good faith spouse must show that he/she has not sufficient means for “support”. LSA-C.C. Article 160.
The term' “support” has been interpreted to include food, clothing, and shelter, as well as reasonable and necessary transportation expenses, utility expenses, medical and drug expenses, household expenses, and income tax liability, generated by the alimony payments. Moss v. Moss, 379 So.2d 1206 (La.App. 3 Cir.1980).
At the hearing on the rule, Jane offered as evidence an income and expense list which listed her expenses at $1,338.19. Some of those items, however, should not have been considered as proper expenses[4]. The evidence also shows that Jane earned approximately $8,620 in gross income from her job as a secretary, as well as earning approximately $1,000 to $1,200 per year from a small business run from her home. A trial judge is in a much better position to judge the credibility of witnesses and is therefore vested with much discretion in determining an appropriate amount of alimony. Only if the judge has abused his discretion and gone beyond the acceptable range of alimony awards is the award to be adjusted or reversed. Buxton v. Buxton, 411 So.2d 1273 (La.App. 3 Cir.1982). Adjusting for the expenses which should not have been included and considering Mrs. Freet’s income, we cannot say that the trial judge has gone beyond the acceptable range of awards which would be appropriate under the circumstances. His finding that Jane Freet was not in necessitous circumstances was not an abuse of his discretion.
CHILD SUPPORT
The trial court awarded $250 per month as support for the minor child. We feel that $250 is an adequate amount for Gary Freet to pay to satisfy his obligation in supporting his 10-year-old child. We find no error in the trial court’s determination in this respect.
DECREE
For the aforementioned reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed equally between the parties litigant.
AFFIRMED.

.Accordingly, we need not reach the issue of whether a good faith spouse can receive post-annulment alimony from another good faith spouse and express no opinion as to the correctness of the decision in Galbraith v. Galbraith, 396 So.2d 1364 (La.App. 2 Cir.1981), writ denied, 401 So.2d 975 (La.1981), which held that a good faith spouse can recover alimony from another good faith spouse, as long as the spouse seeking alimony is free from fault.

. Post-annulment alimony is not specifically provided for in the Code. The court, in Cortes, supra, found that it was available through LSA-C.C. Arts. 117, 118 and 119; and, by analogy, through LSA-C.C. Article 160; and through LSA-C.C. Art. 2315.

. For example, "Absence of fault” is often not an issue in an annulment proceeding.

. Personal and grooming necessities and entertainment are not within the scope of Art. 160. Her hospitalization and life insurance expenses were listed twice. The "miscellaneous” expenses and fixed obligations were so vague as to make it impossible to determine if they could be properly included. Finally, many of the expenses would be more appropriately classified as child support expenses. Among these would be the educational expenses and babysitting, as well as the child’s proportion of the medical and dental bills and his share of the food and clothing.