DOUCET, Judge.
Following an absolute divorce of the parties on June 3, 1983, resulting from two consolidated cases instituted by each party herein, Helyn Lamb filed this Rule seeking permanent alimony pursuant to La.C.C. Art. 160. From a judgment awarding Mrs. Lamb $3,000 per month of permanent alimony, both parties have appealed. Because the issues are identical in both of the consolidated eases, the case entitled Helyn Lamb v. W.C. Lamb, 461 So.2d 533, will be disposed of in this opinion.
The issues on this appeal are: (1) whether Mrs. Lamb waived her right to alimony by waiting to seek alimony in this rule rather than at the trial on the divorce; and (2) whether the trial court abused its discretion in fixing the amount of permanent alimony at $3,000 per month.
Mr. Lamb contends that the right to seek permanent alimony was waived by Mrs. Lamb because she did not pray for alimony at the divorce trial but rather seeks alimony improperly through summary proceedings. This contention is without merit. La.C.C.P. art. 2591(8)[1] specifically authorizes use of summary proceedings as a means of obtaining an original grant of permanent alimony. Mrs. Lamb has properly used a Rule to Show Cause as her means for seeking permanent alimony pursuant to La.C.C.P. art. 2591(8). There was no waiver of the right to alimony by the use of summary proceedings for its enforcement subsequent to the adjudication of the issue of fault. See 460 So.2d 634.
The remaining issue on this appeal is the propriety of the award of $3,000 per month in permanent alimony by the trial court pursuant to La.C.C. art. 160. La.C.C. art. 160 provides for “support” to be furnished by one spouse to the other spouse who has insufficient means for her “support”. Silas v. Silas, 399 So.2d 779 (La.App. 3rd Cir.1981). The term “support” has been interpreted to include food, clothing, and shelter as well as reasonable and necessary transportation expenses, utility expenses, medical and drug expenses, household expenses and income tax liability generated by the alimony payments. Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir.1980); Freet v. Freet, 442 So.2d 1366 (La.App. 3rd Cir.1983). Among the factors to be considered in determining the entitlement and the amount of alimony are the financial obligations and the health and age of the spouse in need. See La.C.C. art. 160.
Mrs. Lamb contends that in light of her outstanding financial obligations along with her health problems, the amount fixed by the trial court is wholly inadequate to provide her with maintenance and support. On the other hand Mr. Lamb contends that the evidence of Mrs. Lamb’s needs included many items which are not expenses which are to be considered in determining the amount of permanent alimony. Mr. Lamb points out that Mrs. Lamb submitted the same list of expenses used for the determination of temporary alimony pursuant to La.C.C. art. 148 that she submitted in this case. Both parties argue that the trial court abused its discretion in fixing permanent alimony for their respective reasons.
*533 Much discretion is vested in the trial court in determining the amount of permanent alimony. Only if the judge has abused his discretion and gone beyond the acceptable range of alimony awards is the award to be adjusted or renewed. Buxton v. Buxton, 411 So.2d 1273 (La.App. 3rd Cir.1982). Although the itemized list submitted by Mrs. Lamb included items which are not to be considered as proper expenses. The evidence as a whole supports the trial court’s determination of $3,000 per month in permanent alimony. The trial court obviously disregarded listed items which are not properly within the ambit of “support” and fixed the amount on the basis of legitimate expenses and legitimate outstanding debts of Mrs. Lamb. From our review of the record we cannot say that the trial court abused its discretion in determining the amount of permanent alimony.
For the foregoing reasons, the trial court’s judgment is affirmed. Each party is equally cast with the costs of this appeal.
AFFIRMED.

. La.C.C.P. art. 2591 Use of Summary Proceedings.
Summary proceedings may be used for trial or disposition of the following matters only: (8) The original granting of, subsequent change in. or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendents and descendents ... (emphasis added)'