BOLIN, Judge.
Plaintiff and defendant were divorced and Mr. Powell was ordered to pay Mrs. Powell alimony and child support at the rate of $250 per month. Approximately six months after the divorce decree the same court, following hearing of a rule to show cause, ordered Mr. Powell relieved of making the alimony payments and Mrs. Powell appeals.
At the time of the rendition of the judgment of divorce and award of alimony the wife was employed and owned an undivided one-half interest in the community estate of her parents. On the date of the hearing of the rule and judgment freeing Mr. Powell of the duty of paying alimony, from which this appeal stems, Mrs. Powell had an income of approximately $400 per month and had been placed in possession of the remaining one-half interest in her parents’ estate as sole heir of her mother. The entire estate had a net value of approximately $40,000.
The issue is whether a divorced wife having a monthly income of $400 per month and owning property worth approximately $40,000 is entitled to alimony under the provisions of Louisiana Civil Code Article 160:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
“1. The wife obtains a divorce;
“2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
“3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
“This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.”
The alimony provided for in La.C. C.Art. 160 is in the nature of a pension and is nothing more than a gratuity which the court may fix in its discretion at an amount not to exceed one-third of the husband’s income. Rabun v. Rabun, 232 La. 1004, 95 So.2d 635 (1957). What constitutes “sufficient means” for the divorced wife’s maintenance has been considered by our supreme court on many occasions. One of the latest cases, Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969), held a divorced wife having no income but owning an estate valued at $30,000 had sufficient means for her maintenance.
We think the trial court was correct in ordering the alimony payments by Mr. Powell to his former wife discontinued. The judgment is affirmed at appellant’s cost.