MILLER, Judge.
Both husband and wife appeal from a judgment reducing the alimony and child support awarded at their judicial separation. We affirm.
On August 1, 1973, plaintiff husband Eugene Chandler obtained a judicial separation from defendant wife Linda Gremil-lion Chandler. The parties stipulated that wife should receive alimony of $350 per month and child support of $400 per month for their two children. In this proceeding, husband does not seek to change custody, but seeks a reduction in alimony to $100 and child support to $150 per month.
After trial of the rule and effective March 1, 1974, the trial court reduced alimony to $225 and child support to $300 per month. We find no abuse of the trial court’s discretion.
Husband works for a family corporation owned 22i/^% by husband and 77j4% by husband’s father. When the parties separated, husband was successfully managing the corporate business, and husband’s father had retired. Following the separation, husband lost interest in the business. Husband’s lack of interest and mismanagement resulted in his father taking over the business and demoting husband from general manager to truck driver and warehouseman. At about the same time, the corporation purchased a $7,000 automobile for husband’s use. Husband had received a take home salary of about $870 per month as general manager and was receiving a take home salary of about $570 per month after the demotion. Husband paid a private investigator $2,200 to discover evidence against his wife.
*259 Husband had been offered promotions in other job opportunities before his legal separation, but preferred to work for his own corporation. While the parties were living together they maintained a standard of living substanially higher than would have been possible on husband’s take home pay. The record does not clearly reveal the manner in which husband received the substantial sums (in excess of his salary) which supported the parties during the marriage.
Wife kept books for the corporation while husband was manager and before the separation. She testified that in addition to salaries paid, her husband and his father frequently made cash distributions from the corporate business on the basis of 22]/¿% to husband and 771/2% to his father. Husband and his father testified that substantial gifts were made to husband by both his parents. They testified that these gifts have been terminated and husband must live on his earnings.
The trial court properly concluded that in order to change the alimony and child support award made in the consent decree, husband must show a change in circumstances. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). The trial court held that husband proved a substantial change in circumstances and that he was entitled to a reduction in both alimony and child support. Wife proved that her needs far exceeded husband’s ability to pay.
In fixing the awards the trial court properly considered husband’s “means” as not limited to husband’s income. Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936). Although the amended awards are substantially more than husband’s income would permit we are not prepared to find manifest error in the trial court’s appraisal of the disputed facts. Likewise, we fail to find manifest error in the trial court’s finding that husband proved a sufficient change in circumstances to support the reduction in alimony and child support.
The trial court judgment is affirmed. Costs of this appeal are assessed one-half to husband and one-half to wife.
Affirmed.