330 So.2d 925 (1976)
Henry Paul CRUM
v.
Julia L. CRUM.
No. 10656.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Keith M. Whipple, Houma, for appellant.
Thomas A. Cenac, Houma, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
*926 PONDER, Judge.
Appellee, Julia L. Crum initially filed suit on July 19, 1973, for a separation from bed and board against appellant, Henry Paul Crum. She secured alimony pendente lite in the amount of $175.00 per month. On November 7, 1973, Mrs. Crum was granted a judgment of separation from bed and board which continued alimony at $175.00 per month.
Mr. Crum, after waiting more than one year and sixty days from the date his wife procured the separation, filed for divorce on January 10, 1975. On January 30, 1975, a consent divorce was obtained, wherein Mr. Crum was obliged to pay alimony in the amount of $175.00 per month, "reserving however, to each party, the right to seek a change in alimony."
Twenty days later, on February 19, 1975, Mr. Crum filed a rule to terminate or reduce alimony, specifically alleging "___ that because of increased obligations on the part of the plaintiff, that because of improved economic condition of the defendant, and a reduction in her obligations, it is plaintiff's desire to have the sum which he has been condemned to pay monthly terminated or in the alternative reduced to a more equitable amount ___. "Extensive interrogatories were attached to the rule.
Five days later, Mrs. Crum, the defendant-in-rule, propounded an identical extensive set of interrogatories to her husband and on the next day, February 25, 1975, only twenty-six days after the divorce, filed a counter rule praying for an increase in the alimony. Both parties answered the interrogatories in March.
On May 13, 1975, the lower court conducted a hearing on both rules and took the case under advisement. On August 21, 1975, the lower court found that "Each of the parties . . . failed to prove any appreciable changes in income, expenses, capital, wealth, or other matter of financial significance regarding either party . . . since the decree of January 30, 1975," and declined to change the previous alimony decree.
Mr. Crum has timely perfected this appeal of the decision of the lower court. Since Mrs. Crum has not perfected an appeal of the lower court's denial of her rule to increase alimony, and she has not answered her husband's appeal, she has abandoned her right to have the alimony increased. Thus, the sole issue before the court is whether or not the lower court erred in denying Mr. Crum's prayer to terminate or reduce the alimony.
A consent alimony judgment is not subject to adjustment or modification absent proof of a substantial change in the circumstances of one or the other of the parties from the date of the rendition of the alimony judgment to the time of the trial of the rule demanding such adjustment or modification. Bernhardt v. Bernhardt, La., 283 So.2d 226 (1973); Bazzell v. Bazzell, 289 So.2d 202, (La.App. 1st Cir. 1973). The burden of proof is upon the husband to demonstrate a significant change in the financial condition of either himself or his wife so as to justify a termination or reduction in the alimony he is legally accountable for. Laiche v. Laiche, 289 So.2d 277 (La.App. 1st Cir. 1974), writ denied, 293 So.2d 182.
The interrogatories and their answers, together with the testimony taken at trial of the rules, evidence no substantial change of either party that would warrant termination or reduction of the alimony.
The only evidence regarding any change during the crucial interval of time at issue herein was introduced by way of direct testimony, when Mr. Crum testified that his net salary actually increased since the alimony decree from $726.00 per month *927 to $751.00 per month. The rest of his testimony, like the interrogatories, concerned his income and expenditures prior to January, 1975.[1]
Mrs. Crum testified that because of back problems she would be unable to work for an indefinite period of time. However, she admitted that she was receiving her full salary and, if necessary, she could collect on Federal Civil Service disability insurance. She further testified that she had incurred increased expenses since January, 1975, on her car, to the roof of her house, and some minor medical bills. Mrs. Crum acknowledged that she still has $4,313.88 in her savings, which she had before the alimony decree. Also, she had only $500.00 in U.S. Savings Bonds as compared with $1,000.00 worth at the time of the alimony decree.
Thus, the record affirmatively establishes that no substantial change in the circumstances of either of the parties occurred since the alimony decree until trial of the rule that would support termination or reduction of the alimony award.
Appellant, however, alternatively argues that the consent alimony decree, by the reservation of each party of "the right to seek a change in alimony," does away with the necessity of showing changed circumstances.
Appellant's contention is without merit.
The consent decree containing the purported waiver asserted by appellant does not derogate from the legal rights of the parties. It merely confirms or acknowledges the rights of the parties expressly granted by law. Either Mr. or Mrs. Crum has an absolute "right to seek a change in alimony."
The language of the decree does not attempt to designate how the alimony may be changed. Absent a clearly worded, express and unequivocal clause to the effect that the husband need not prove substantial change, this court is unwilling to hold that Mrs. Crum abandoned her rights.
Secondly, it is important to note that the consent decree was prepared by counsel for appellant. Where a reasonable dispute arises as to what provisions of a written agreement mean, an interpretation against him who has prepared the agreement is required. LSA-C.C. art. 1957.
For the above and foregoing reasons, the judgment of the district court is affirmed, with all costs of this appeal to be paid by appellant.
AFFIRMED.
NOTES
[1] Appellant in brief argued that Mrs. Crum does not need alimony. However, what transpired prior to the January, 1975, alimony decree is irrelevant absent a showing of changed circumstances. The consent decree is a judicial admission by Mr. Crum that his wife had a right to receive alimony and he could not alter that right without showing a change in circumstances. Bernhardt v. Bernhardt, supra.