332 So.2d 868 (1976)
Paul M. WARD
v.
Shirley Ann WARD.
No. 7317.
Court of Appeal of Louisiana, Fourth Circuit.
May 18, 1976.
Rehearing Denied June 9, 1976.
Writ Granted July 2, 1976.
Dan C. Garner & Associates, R. Lee Mc-Daniel, New Orleans, for plaintiff-appellant.
*869 Philip R. Riegel, Jr. and Sydney J. Parlongue, New Orleans, for defendant-appellee.
Before SAMUEL, REDMANN, LEMON, GULOTTA, STOULIG, BOUTALL, SCHOTT, MORIAL and BEER, JJ.
SAMUEL, Judge.
In this matter a judgment of separation from bed and board was obtained by the defendant wife as plaintiff in reconvention on the ground of cruel treatment. By consent of both parties, pending the suit for separation the wife had been given custody of the minor child of the marriage, $200 per month alimony, and $400 per month for child support. The separation judgment contained identical provisions as to custody, alimony and child support.
Subsequently, the wife obtained a divorce on the ground there had been no reconciliation between the parties for more than one year following the signing of the judgment of separation. The divorce judgment also provided alimony and child support in accordance with a new agreement between the litigants. It awarded $375 per month alimony and a like amount for child support, beginning August 1, 1973 and continuing for the following eighteen months only, after which time the alimony and child support "shall be discontinued in accordance with the agreement between the parties herein."
When the eighteen month period had passed, Mr. Ward filed a rule to show cause why the amount of alimony which he had been condemned to pay should not be reduced. The rule was dismissed by the trial court on a finding there was nothing to reduce since the judgment's condemnation to pay alimony and child support had expired. Then, on April 30, 1975, Mrs. Ward filed a rule for alimony and child support, alleging she was in necessitous circumstances. After trial of the rule, child support was awarded in the sum of $200 per month and alimony in the sum of $400 per month. Mr. Ward has appealed.
In this court appellant does not contest the child support award. He does contest the award of alimony. He contends: (1) the agreement entered into by the parties for alimony is valid and, as a result thereof, the appellee is not entitled to alimony; alternatively, even if the agreement is found to be invalid, (2) the trial court erred in concluding the appellee was entitled to alimony; and, in the further alternative, (3) the alimony award is excessive. Our conclusion on the second contention renders a consideration of the third unnecessary.
Relative to appellant's first contention, on July 30, 1973 the parties entered into an amicable agreement which was reduced to writing in the form of a notarized affidavit by the wife, who was a qualified school teacher. Her affidavit states she agrees to accept increased monthly alimony of $375 and monthly child support of $375 for eighteen months so that she could attend graduate school and obtain her Ph.D., thus increasing her earning capacity. She acknowledged that, absent the agreement, she would not be entitled to the $750 monthly alimony and child support. In return for this overall increase for the eighteen month period, she waived all of her rights to future alimony and child support. At the trial of the divorce action on July 30, 1973 the parties agreed to make these new awards, and the eighteen month limitation, a part of the divorce judgment. That judgment was signed the following day, July 31, 1973.
We hold the agreement is a nullity and can be given no effect. At the time it was entered into the parties were husband and wife. With certain exceptions *870 contained in Civil Code Article 2446,[1] contracts between husband and wife are forbidden by Civil Code Article 1790[2] and alimony is not one of the exceptions to that law. As stated in Sonnikson v. Whipple, 283 So.2d 504, 505:
"Under Article 1790 of the Louisiana Civil Code, a husband and wife are incapable of contracting with one another except in certain expressly permitted matters. The exceptions are found in Civil Code Article 2446. In Russo v. Russo, 205 La. 852, 18 So.2d 318 (1944), it was held that the exceptions found in Civil Code Article 2446 do not include an authorization for the settlement of alimony rights.
The particular contract at issue herein was made a part of the pleadings. It is an agreement for alimony and child support, and so does not fall within the exception to the general rule of incapacity. Therefore, assuming the allegations of the plaintiff's petition to be true, no action would lie on the contract as it was a nullity when entered into."
We do agree with appellant's second contention, that on the facts of this case the appellee is not entitled to alimony for herself. The record reveals that at the time of trial of the rule (June 6, 1975) she had no income because she was still attending college for the purpose of obtaining her Ph.D., which she apparently had been doing since at least 1973. She has had thirteen and one-half years experience as a school teacher and last worked in 1971 for the public schools of Orleans Parish at an annual salary of $10,400. She had worked as a teacher in that school system for the four previous years. She has a B.A. degree, a Master of Education degree and a counselor's certificate from Southern Methodist University, and a B.A. degree from Austin College. She also took graduate work in San Diego, California. She is working on her Ph.D. at North Texas College.
Thus, insofar as is shown by the record now before us, other than the fact that she attends college full time there is no reason why the appellee should not be able to work as a school teacher, employment for which she is fully qualified and employment sufficiently remunerative for her support. The question thus presented is whether she has "sufficient means for her support" as those words are used in Civil Code Article 160, i.e., whether her former husband can be required to pay alimony because she unreasonably refuses to work and support herself. Our consideration of this question makes necessary an examination and comparison of Civil Code Articles 148 and 160. The former is our only civil law providing for alimony pendente lite, and the latter is our only law providing for alimony after divorce.
Civil Code Article 148 reads:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, *871 a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148. (emphasis ours).
Civil Code Article 160 reads:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries." LSA-C.C. Art. 160. (emphasis ours).
Our jurisprudence is replete with decisions concerned with the differences between the two articles. Generally, alimony pendente lite is a judicial enforcement of the husband's obligation under Civil Code Article 120[3] to support the wife during the existence of the marriage, an existence which does not terminate until the marriage is dissolved either by death or divorce.[4] If the husband's "means" are sufficient therefor, such alimony is ordered in an amount sufficient to maintain the wife in a style comparable to that which she enjoyed prior to the separation; even though she is capable of earning an income and has done so in the past, the wife, nontheless, is entitled to alimony pendente lite and she is not required to obtain employment to support herself; but if she chooses to earn her own living, or a part thereof, she is denied alimony to the extent of her earnings.[5] Of particular interest here is the fact that the husband cannot escape liability for alimony pendente lite by refusing to work.[6] We note that in Bowsky v. Silverman, 184 La. 977, 168 So. 121, a case involving alimony pendente lite, the court said:
"Nothing is said in this article [Civil Code Art. 148] about the income or earnings of the husband. While the separation or divorce proceedings are pending, the Code says that the husband must pay for the support of his wife out of his "means.' The word `means' as used in this article refers to the husband's resources and not necessarily to his income. His `means' may consist either of property of a physical character, frequently referred to as assets, or it may consist of income from such property or income from labor or services performed. The work `means,' as used in this article of the Code, signifies any resources from which the wants of life may be supplied." (Emphasis ours).
In some respects alimony after divorce is quite different from alimony pendente *872 lite. Our long established jurisprudence is that alimony under Civil Code Article 160 is in the nature of a pension or a gratuity, obtainable by the former wife only when she has not been at fault and when she has not sufficient means for her support.[7] Such alimony after divorce is not awarded in an amount sufficient to support the former wife in the manner in which she is accustomed to live; it is awarded in an amount sufficient to provide for her maintenance, which includes food, clothing, shelter and other basic necessities; and she has the burden of establishing her necessitous circumstances.[8]
As we have pointed out, our only law providing for civil alimony is contained in Civil Code Articles 148 and 160. Thus, every judicial civil alimony determination and action must be made with due regard to those articles and must come within their wording and intent. This requirement is applicable to our established jurisprudence that the husband cannot escape liability for alimony pendente lite by refusing to work, a conclusion which must find support in Article 148.
Where is such support to be found in Article 148? We find only one source, the word "means" which only appears in the last portion of the article, "proportioned to her needs and to the means of her husband." (emphasis ours). If the ability to work and earn and income is not included in the "means" of the husband, such ability to work could not be considered in the alimony determination and the husband could not be required to obtain employment.
In pertinent part Article 160 provides: "When the wife has not been at fault and she has not sufficient means for her support,. . ." (emphasis ours). Thus, the same word, "means", is used in the same manner in both articles, the only difference being that in Article 148 the reference is to the husband's "means", while in Article 160 the reference is to the wife's "means". We note that the word we are discussing appears in the same context in Article 148 prior to its 1928 amendment and in the corresponding Articles 146 and 12 of the Civil Codes of 1825 and 1808, and in Article 160 as amended in 1916, 1928, 1934 and 1964; the Civil Codes of 1825 and 1808 contained no corresponding article to Article 160 of the Revised Civil Code of 1870.[9]
We know of no valid reason why the word should receive one interpretation in one of the articles and another interpretation in the other article. If the word as used in Article 148 includes the ability to work and earn an income, and we are satisfied our jurisprudence is to that effect, it should received the same interpretation in Article 160. Accordingly, we hold that as contained in Article 160 the word "means" includes the divorced wife's capability of working and supporting herself. Each case, of course, must be decided on its own facts.
As the record in the instant case does not reveal that work is in fact available to Mrs. Ward, and as the burden is upon her to show such unavailability, apparently a burden of which she could have been unaware at the time of the trial of her rule, we remand to give her the opportunity of carrying that burden.
For the reasons assigned, the judgment appealed from is affirmed insofar as the *873 same applies to child support and annulled and set aside insofar as it applies to alimony for Mrs. Ward. The matter is remanded to the trial court for the purpose of giving Mrs. Ward an opportunity to show, if she can, that work is unavailable to her. All costs in both courts are to be paid by the appellant, Mr. Ward.
AFFIRMED IN PART; ANNULLED AND SET ASIDE IN PART; AND REMANDED.
GULOTTA, Judge (concurring).
I concur with the conclusion that the wife's capability to earn income (depending on the circumstances in each case) should be considered in determining whether the wife has "sufficient means for her support" under LSA-C.C. art. 160. Limited to the facts in the instant case, I concur in the result.

ON APPLICATION FOR REHEARING
PER CURIAM.
Our opinion in this matter may give the impression that the only consideration involved in answering the question of whether or not the divorced wife must support herself when she is capable of doing so is the availability of work. The impression may result from the fact that, as shown by the record, this did appear to be the only consideration in the instant case and our opinion was written accordingly. However, it was not our intention to thus limit the considerations.
There may be many valid and compelling reasons why a divorced wife could not accept available work she is capable of performing. As one obvious example, she may not be able to do so if she is required to stay at home to care for the small children of the marriage. Each case, as we have said, must be decided on its own facts.
Accordingly, our original decree is now amended and recast so as to read as follows:
"For the reasons assigned, the judgment appealed from is affirmed insofar as it applies to child support and annulled and set aside insofar as it applies to alimony for Mrs. Ward. The matter is remanded to the trial court for the purpose of giving Mrs. Ward an opportunity to show, if she can, either that work is unavailable to her or that, if available, there is a compelling reason which prevents her from accepting the employment."
As we adhere to our original opinion, the application for rehearing is refused.
REHEARING REFUSED.
GULOTTA, J., concurs.
GULOTTA, Judge (concurring).
I concur.
NOTES
[1] "A contract of sale, between husband and wife, can take place only in the three following cases:

1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
Savings, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage." LSA-C.C. Art. 2446.
[2] "Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden;. . ." LSA-C.C. Art. 1790.
[3] "The wife is bound to live with her husband and to follow him wherever he chooses to reside; the husband is obliged to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition." LSA-C.C. Art. 120.
[4] Murphy v. Murphy, 229 La. 849, 87 So. 2d 4; Eals v. Swan, 221 La. 329, 59 So.2d 409; Chauvin v. Chauvin, La.App., 282 So. 2d 869.
[5] Iilello v. Bilello, 240 La. 158, 121 So.2d 728; Hillard v. Hillard, 225 La. 507, 73 So.2d 442; Bloodworth v. Bloodworth, La. App., 306 So.2d 812; Dunn v. Dunn, La.App., 303 So.2d 580; Street v. Street, La.App., 205 So.2d 839; Small v. Small, La.App., 173 So.2d 854.
[6] Zaccaria v. Beoubay, 213 La. 782, 35 So. 2d 659; Rakosky v. Rakosky, La.App., 275 So.2d 421; Viser v. Viser, La.App., 179 So. 2d 673.
[7] Frederic v. Frederic, La., 302 So.2d 903; Bernhardt v. Bernhardt, La., 283 So.2d 226; Hays v. Hays, 240 La. 708, 124 So.2d 917; Brown v. Harris, 225 La. 320, 72 So.2d 746; Sarpy v. Sarpy, La.App., 323 So.2d 851; Hughes v. Hughes, La.App.,303 So.2d 766; Chandler v. Chandler, La.App., 297 So.2d 257; Latour v. Guilbeau, La.App., 256 So. 2d 731; Powell v. Mattyle, La.App., 231 So. 2d 460.
[8] Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702; Stabler v. Stabler, 226 La. 70, 75 So.2d 12; McAfee v. McAfee, 249 So.2d 348; Doughty v. Doughty, La.App., 244 So. 2d 86.
[9] See "History and Text of Former Codes" under LSA-C.C. Arts. 148 and 160.