424 So.2d 1130 (1982)
Judith Cheryl DURBIN
v.
W.T. DURBIN, Jr.
No. 82 CA 0243.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1131 Walton J. Barnes, Baton Rouge, for plaintiffin rule appellant W.T. Durbin, Jr.
James Don Thomas, III, Baton Rouge, for defendantin rule appellee Judith Cheryl Durbin.
Before COVINGTON, LEAR and LANIER, JJ.
LANIER, Judge.
This is a rule to terminate permanent alimony and reduce child support payments. After the husband (plaintiff-in-rule) completed the presentation of his evidence, the wife (defendant-in-rule) made a motion for a directed verdict which was granted by the trial court. La.C.C.P. art. 1810(B). This devolutive appeal followed.

I. FACTS
Judith Cheryl Durbin and W.T. Durbin, Jr. were married on June 4, 1966. Two children were born of this marriageCheryl D'Shea Durbin on May 2, 1969, and Andrea Michelle Durbin on October 20, 1976. The Durbins physically separated on December 1, 1978. On September 18, 1979, Mrs. Durbin obtained a judgment of separation. Alimony pendente lite and child support payments were established by the consent of the parties at $1,000 every two weeks. The sum of $500 was designated for alimony pendente lite and child support payments were fixed at $250 for each child. In October of 1979, the Durbins entered into a community property settlement agreement which contained a provision continuing the previous agreement for payment of alimony pendente lite and child support and provided that "(A)limony shall be payable until the death of either party or the remarriage of the First Party [Mrs. Durbin], whichever first occurs, but shall be subject to judicial review should the need therefor arise."
On February 6,1980, Mr. Durbin obtained a judgment of divorce which perpetuated the prior agreement for alimony and child support. Apparently, shortly thereafter in either February or March of 1980, Mr. Durbin remarried.
On March 4,1981, Mr. Durbin filed a rule to terminate permanent alimony and reduce child support alleging that Mrs. Durbin was employed, had sufficient means for her support, and that his income had substantially decreased since the date of the divorce. At the hearing of this rule on March 26, 1981, Mrs. Durbin introduced evidence to show that her net monthly income from her job, her alimony and child support payments and the assets that she obtained in the community property settlement was $2,686.04 and that her monthly expenses were $2,840.83. Mr. Durbin testified that during 1979 and 1980, he earned more than $100,000 per annum. However, effective March 1, 1981, he left his job because the stress of the job caused him to have high blood pressure. He felt the change was necessary for his health. Mr. Durbin purchased a 125 acre farm on which he would raise cows and breed dogs. He indicated that his income was uncertain, but that he expected to receive $15,000 during 1981 from the farm. Mr. Durbin introduced evidence indicating that his monthly expenses were $2,946. The trial judge found that the uncorrorborated statement of Mr. Durbin concerning his health did not justify a change of employment and that he failed to prove a change of circumstances sufficient to warrant a modification of the prior alimony and child support judgment. This ruling by the trial court was not appealed and became final.
On August 3, 1981, Mr. Durbin filed the instant rule to terminate alimony and reduce child support. This rule alleged that the circumstances of the parties substantially and materially changed because Mrs. Durbin was gainfully employed at a higher salary, that she had additional independent means of support, that his health had deteriorated *1132 to the point that his earning capabilities were diminished appreciably and he was unable to pay the alimony and child support as ordered. The hearing on this rule was held on December 15, 1981. At this time, Mr. Durbin testified that he was being paid $1,000 per week by his previous employer on the purchase price of his stock in the company and for consulting services. He purchased the 125 acre farm for $212,000. He also purchased a feed store for $200,000, by making a down payment of $65,000 and signing a note for $135,000. He projected his gross income for 1981 at $65,675 and his net income at $53,675. He calculated that his farm expenses would run $19,850, leaving a disposable income of $33,825 ($2,819 per month). He indicated that he had personal expenses of $3,245 per month. Mrs. Durbin's testimony indicated that her circumstances were essentially the same in December of 1981 as they were in March of 1981 with the exception that she had a raise on her salary of approximately $75 per month. Mr. Durbin's doctor testified that he did not tell Mr. Durbin to change jobs and that Mr. Durbin's blood pressure problem was under control when he was last examined in the spring of 1981.
The trial judge held that a person cannot voluntarily leave gainful employment without good reasons solely for the purpose of defeating his alimony and child support obligations, that the medical evidence presented did not support the contention that Mr. Durbin's health required his change of employment, and that there was no showing of any change in circumstances of such a nature as would warrant a modification of the judgment previously rendered.

II. NECESSITY TO SHOW CHANGE OF CIRCUMSTANCES
The community property settlement agreement provided that the consent agreement for alimony pendente lite and child support "shall be subject to judicial review should the need therefor arise." The appellant argues that this language reserved to him the right to an initial adjudication of the alimony-support issue at anytime and released him from the requirement of showing a change in circumstances in order to secure a modification of those awards.
This contention is without merit. In Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976), the consent judgment reserved to each party the right to seek a change in alimony. This court held that this language in the consent decree did not change the legal rights of the parties, but merely confirmed the right of the parties to seek a change granted by law. This court further held that a waiver of the requirement of proving a substantial change in circumstances to justify the modification of a prior alimony award must be express and unequivocal to be effective. Since the community property agreement in the instant case does not contain such an express waiver of this requirement, the appellant is not entitled to that benefit.

III. MODIFICATION OF ALIMONY AND CHILD SUPPORT AWARDS
To modify a judgment or a consent decree awarding alimony and child support, the party seeking to modify the awards bears the burden of showing that there has been a substantial change in circumstances of one, or both, of the spouses. La.C.C. arts. 160, 227 and 231; Ducote v. Ducote, 339 So.2d 835 (La.1976); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); De-Marcay v. DeMarcay, 414 So.2d 845 (La. App. 4th Cir.1982); Kirk v. Kirk, 413 So.2d 592 (La.App. 1st Cir.1982); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir. 1981). The trial judge is given great discretion in either granting or modifying awards of alimony and child support and his judgment will not be set aside or amended unless a clear abuse of that discretion is shown. Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982); Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.1982), writ denied 415 So.2d 944 (La.1982). A parent and spouse will not be relieved of his obligation to support his children and pay alimony because of an unstable financial condition brought upon himself. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959); Ledet v. *1133 Ledet, 416 So.2d 1309 (La.App. 1st Cir. 1982).
At the conclusion of the hearing held on December 15,1981, the trial judge rendered the following reasons for judgment from the bench:
"Now, we had a full blown hearing last March in this case, we devoted just about as much time to it then as we have devoted to it today. Mr. Durbin was given a full opportunity to fully present his case to show a change in circumstances. The court at that time found that he had voluntarily relinquished his employment to buy a hundred and twenty-five acre farm, out of which he was then proposed to make his living apparently, and the court held, and I think correctly so, that an individual cannot voluntarily leave gainful employment without good reason, solely for the purpose of avoiding or defeating alimentary obligations. Persons, of course, have the right to change careers. The court noted that at that time; but it is done for the purpose of hopefully thereafter improving your financial situation and not destroying it. And the court notes that no reference was made at that hearing to the fact that Mr. Durbin would receive a thousand dollars a week from his former employment. I don't recall whether or not any reference was made to the feed store or not. I don't have the benefit of that transcript before me. But, in any event, there was a full evidentary hearing relating to all factors incident to Mr. Durbin's leaving the engineering company, except that the court excluded or did not consider anything and on objection, did not permit any reference at that hearing to his physical condition, because it was a matter of a medical condition, and the court today wanted to give Mr. Durbin the benefit of a full hearing, anticipating that he would come forth on this occasion with some medical information which might warrant the court in concluding that it was necessary that he leave that employment. Since no medical evidence had been presented previously, the court felt as though, at least as a matter of equity, that he should be permitted to present to the court whatever medical information might be appropriate which might be evidence of the fact that he had to leave his employment for health reasons. He brought in his medical evidence today, but the medical evidence did not support his contention. The Doctor stated that he had made no recommendation that Mr. Durbin leave his employment. He further stated that he, on frequent occasions, did make such a recommendation to appropriate heart patients. Obviously the Doctor had benefit of a full history on Mr. Durbin. He didn't feel as though such a recommendation was warranted under the circumstances.
"We have had a full hearing and the case is res judicata, as the court sees it, as of the March hearing, at least as to all issues relating to the reasons Mr. Durbin left his employment, except for the medical reasons, and the court has allowed further evidence on that. Mr. Durbin has not produced any evidence which would warrant the court in reaching any contrary conclusion; and further, as a matter of fact, the record now shows that as of today, Mr. Durbin, instead of surviving only on the farm, has an income of approximately sixty-five thousand dollars a year. So even if the court did conclude that there had been a change of circumstances, and even though the court was warranted in reviewing this matter again, the court will undoubtedly reach the conclusion and does reach the conclusion that even in that event, that Mr. Durbin should rearrange his finances so as to take care of his alimentary obligations. On a sixty-five thousand dollar a year income, he can certainly pay the amount of support that has heretofore been fixed. He gets the benefit of the exemption from taxes of the amount that is paid to his wife and he gets the dependents exemption for the amount that is paid to the children. Although he is paying his wife thirteen thousand dollars a year in alimony, she has to pay the taxes on that. He just takes that right *1134 off of the top of his income every year, he pays no taxes on it. If he is in a fifty percent bracket, that means it is costing him sixty-five hundred dollars a year to give her thirteen thousand. So the court does find, again, supplemental to the March hearing, that there has been no showing of any change in circumstances of a nature which would warrant the court in modifying this judgment. Mr. Durbin agreed to it, he has had opportunity of full hearings before the court, but the court just does not find there has been any change which would warrant the court in changing the amount that he agreed to and which was subsequently fixed by judgment of the court. The motion for a directed verdict is, therefore, granted."
After reviewing the trial judge's reasons for judgment, the transcripts of the contradictory hearings held in March and December of 1981, and the evidence submitted during these contradictory hearings, we are of the opinion that the trial judge did not abuse the much discretion afforded him by law.

IV. CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellant's costs.
AFFIRMED.