DOMENGEAUX, Judge.
This appeal arises from a judgment increasing child support from $1,500.00 per month to $2,500.00 per month.
The defendant-appellant J. Corwyn Al-dredge, married the plaintiff-appellee Carolyn B. Aldredge on December 31, 1962. Of this union three children were born. Marital relations between these two parties broke down in 1978 resulting in a judgment of separation by default in favor of Mrs. Aldredge and which awarded her custody of the three minor children.
Subsequently, on June 29, 1981, appellant-husband and appellee-wife were granted a divorce a vinculo matrimonii. The consent judgment awarded custody of two of the parties’ three minor children to the appellee and further ordered the appellant to pay $1,500.00 per month for child support.[1] The parties specifically reserved the right to apply to the court for a reduction or increase in child support without either party having to prove any change in circumstances.
In April of 1983 J. Corwyn Aldredge filed a rule seeking to have his child support obligation reduced because of an alleged financial inability to pay $1,500.00 per month. Mrs. Aldredge responded by filing a rule for an increase in child support from $1,500.00 per month to $2,500.00 per month.
After a hearing, the district judge rejected Mr. Aldredge’s demand for a decrease in child support and awarded Mrs. Aldredge an increase in child support from $1,500.00 per month to $2,500.00 per month. In addition, the trial judge fixed the expert witness fee of Mrs. Aldredge’s accountant at $1,800.00.
The consent judgment which the parties sought to modify in this suit provided that any party could seek an alteration in the *252 child support obligation without proving a change in the parties’ circumstances. Pursuant to the stipulation in the consent decree and despite the objection of counsel for the appellee-wife, the district judge ruled that the child support issue would receive a res nova hearing wherein neither party would have to prove a change of circumstances. The district court then proceeded to make a determination of the child support award based solely upon the respective circumstances of the parties and the needs of the children at the time of the hearing. Evidence was not offered to prove that since the date of the original decree a change had occurred in the husband’s ability to pay child support. Similarly, no evidence was adduced to prove a change in the needs of the minor children since the time of the original judgment.
The district judge’s ruling that this case should receive a res nova hearing results in error regretably necessitating a remand. The Louisiana jurisprudence firmly establishes that a consent judgment of child support is not subject to modification unless a change of circumstances supporting the modification is proved. Chandler v. Chandler, 297 So.2d 257 (La.App. 3rd Cir.1974); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir.1980); and Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2nd Cir.1982). To hold otherwise would be contrary to law.
La.Civil Code Article 11 provides:
“Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.
But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good.”
Here, the appellant-husband and ap-pellee-wife stipulated in a consent decree that by reason of “the joint consent and mutual agreement of both parties”, the child support obligation could be altered or modified “without either party then having to prove any change in circumstances”.
The courts look to La.C.C. Arts. 231 and 232 as the basis for granting alimony and child support awards and the subsequent modification of those awards.
La.C.C. Arts. 231 and 232 provide:
“Art. 231. Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
“Art. 232. When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
Articles 231 and 232 are mandatory as applied to child support. The two articles were placed in the Civil Code in order to protect the code imposed obligation of support which a parent owes to a child. La. C.C. Art. 227. Public policy will not allow parents to contract to renounce the protection which these articles afford their minor children. A derogation from these articles by contractual renunciation would adversely affect the right to support which children of divorced parents have. A violation of C.C. Art. 11 would result were we to allow the parents to stipulate that the judgment awarding child support can be modified without proving a change in circumstances as required by La.C.C. Art. 232.[2]
*253 This case is dissimilar to Dubroc v. Dubroc, 388 So.2d 377 (La.1980), where our Supreme Court held that a Court may enforce an agreement between divorced parents to suspend the mother’s right to receive child support payments under a judgment while the father supports and maintains the child in his home if it is in the best interest of the child. In Dubroc, supra, the parents entered into the contract in which they agreed to the reduction in child support after the judgment had been rendered. Dubroc, in effect, holds that neither C.C. Art. 232, nor the Code of Civil Procedure mandates a lawsuit for a change in child support.
In this case, the stipulation to derogate from C.C. Art. 232 was made in the judgment itself. Furthermore, Mr. and Mrs. Aldredge are not in agreement as to whether the child support award should be increased or reduced and have instituted litigation to determine those issues.
We are of the opinion that when a lawsuit is commenced seeking the modification of a judgment which awarded child support, Art. 232 must be complied with and a change in circumstances must be proved.
At oral argument the appellant-husband’s attorney argued that a consent decree is not a considered judgment and therefore the parties would not be required to prove a change of circumstances to alter the child support award. We disagree.
A consent decree in which the parties agree to and stipulate the amount of child support which the husband must pay is a considered judgment.
La.C.C. Art. 231 provides that child support will be granted in proportion to the needs of the children and the means of the parent who is to provide it. The' court establishes the amount of child support by considering the circumstances of the children and the parents. Mr. Aldredge’s consent to the payment of $1,500.00 per month in child support is tantamount to a judicial admission on his part that his children required $1,500.00 per month for support from him and that he was capable of providing that amount for their support.
In Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), our Supreme Court held that a consent decree of alimony is a judgment “ ‘previously fixed and determined’ by the court”. The court reasoned:
“Article 160 of the Civil Code authorizes the court, in its discretion, to award alimony after divorce to a wife only when the wife has not been at fault and when she has not sufficient means for her support. If these two conditions are not established, the court does not have the authority to grant alimony after divorce. The award of alimony in this case was contained in the judgment granting respondent a divorce. This evidences the fact that respondent’s freedom from fault and her insufficient means were proven to the satisfaction of the court rendering judgment. Relator’s consent to the payment of alimony is of consequence only to the extent that such consent is tantamount to a judicial admission on his part of his wife’s right to receive alimony, i.e., her freedom from fault and her necessitous circumstances. Having acknowledged judicially his wife’s right to receive alimony, relator will not now be heard to complain that proof of an element requisite to the granting of alimony was not made.”
By analogy, Mr. Aldredge consented to the award of child support in the judgment granting him a divorce. He acknowledged judicially that he had an obligation to support his children under La.C.C. Art. 227 and that the needs of his children and his ability to pay were such that the child support award would be $1,500.00 per month. The judgment granting child support contained all the essential elements which the court would require to grant child support under Articles 227 and 231. Therefore Mr. Aldredge cannot be heard to complain that this is not a considered judgment.
For the above and foregoing reasons the decision of the district court is reversed and the case remanded for further proceed *254 ings not inconsistent with the views expressed herein.
All costs at trial and on appeal including the expert witness fees of Mrs. Aldredge’s accountant to await final disposition of this matter.
REVERSED AND REMANDED.

. Additionally, Mr. Aldredge was required to pay the medical, dental, and drug expense of the two minor children, as well as the premiums on any insurance then in force and affecting their lives. Mrs. Aldredge would also be allowed to purchase the children’s clothing at cost from Mr. Aldredge's western wear business.

. The Louisiana First Circuit Court of Appeal has held that if a consent decree has a clearly worded, express and unequivocal stipulation to the effect that the judgment of child support can be modified without proving a change in circumstances then the court will uphold the stipulation. See Hunsicker v. Hunsicker, 385 So.2d 347 (La.App. 1st Cir.1980); and dicta in Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976) and Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982). These conclusions were reached without citing any authority for that proposition.
To the extent that these decisions differ from our opinion here we choose not to follow them.