477 So.2d 73 (1985)
Carolyn B. ALDREDGE
v.
J. Corwyn ALDREDGE.
No. 85-C-0664.
Supreme Court of Louisiana.
October 21, 1985.
Robert Wright, Ralph Wright, Wright & Wright, Natchitoches, for plaintiff-applicant.
Charles Whitehead, Jr., Natchitoches, for defendant-respondent.
DIXON, Chief Justice.
Defendant J. Corwyn Aldredge and plaintiff Carolyn B. Aldredge were granted a divorce on June 29, 1981. The consent judgment awarded custody of two of their three minor children to Mrs. Aldredge, and provided that Mr. Aldredge pay $1500 per month in child support. The parties specifically reserved the right to apply to the court for modification of the child support payments without either party having to prove any change in circumstances.
Subsequently Mr. Aldredge filed a rule for reduction of child support payments. Mrs. Aldredge responded by filing a rule for increase in child support from $1500 per month to $2500 per month. Because of the stipulation in the consent judgment, the district judge ruled that the child support issue would receive a res nova hearing wherein neither party need prove a change in circumstances.
*74 After consideration of the current circumstances of all involved, the district judge ruled in favor of Mrs. Aldredge, increasing the child support to $2500 per month. The court of appeal reversed, holding that the trial court erred in ruling that the case could receive a res nova hearing, and remanded the case for redetermination of the child support issue. 465 So.2d 250 (La.App.3d Cir.1985).
Writs were granted to determine whether, by express stipulation of the parties to a consent agreement setting an award of child support payments, proof of a change in circumstances prior to modification of the award may be dispensed with, permitting the court to conduct a res nova hearing.[1]
The application for writs submitted by Mrs. Aldredge concerns only this point of law. No arguments regarding the reasonableness of the $2500 per month award were presented by either party.
The court of appeal in its decision held invalid the stipulation in the consent divorce decree which expressly stated that the parties waived the requirement of proof of a change in circumstances upon any later request for modification of child support payments. The court held that agreements of this nature derogate from C.C. 231 and 232 which delineate duties of familial support, and thus contravene C.C. 11, which prohibits parties from deviating by their conventions from laws designed to protect public order and morals.
Our opinion is otherwise. Where a consent decree providing for alimony or child support is to be rendered, the parties may reserve the right to an initial judicial determination of a proper alimony or child support award and waive any requirements to prove a change of circumstances.
Civil Code articles 231 and 232 form a basis for familial obligations of support.
"Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it." C.C. 231.
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted." C.C. 232.
The court below held that these articles require proof of a change in circumstances in every case where modification of a child support award is sought. Reasoning that C.C. 231 and 232 were placed in the Civil Code to guard, as a matter of public policy, the obligation of support which every parent owes to a minor child, the court held that under C.C. 11, conventional deviation from these articles could not be allowed. C.C. 11 provides in part:
"Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals."
We find that C.C. 231 and 232 do not mandate that proof of a change of circumstances is necessary in every case where modification of an alimony or child support award is sought. The clear language of C.C. 232 is permissive, not imperative. See E.L. Burns Co., Inc. v. Cashio, 302 So.2d 297 (La.1974). The article permits the parties to sue for a reduction or increase in support awards, should their circumstances change, but does not prohibit such modification without proof of a change in circumstances. Accordingly, the parties may waive the requirement where the issue has not previously been litigated.
The necessity of proving a substantial change of circumstances prior to modification of support awards has essentially been created by the court of appeal. Although this court has recognized that proof of a change in circumstances is generally necessary for modification of these awards, see, e.g., Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), we have never held that this *75 requirement is imperative under the Civil Code or public policy. Requiring proof of change of circumstances is, in general, valid, and is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises. However, there is nothing contained in the Civil Code to prevent a waiver of the requirement by the parties to a consent decree, nor does such a waiver violate public policy.
The court of appeal did not explain how permitting a res nova hearing as to child support (where no initial hearing had ever been held) would derogate from the obligations of support owed by a parent to his minor child. It is noted that the Aldredge children benefited from the res nova hearing held in this case: the award of child support payments to the custodial parent was increased by the trial court from $1500 a month, as originally agreed upon by the parents, to $2500 a month.
Permitting the parties to reserve their right to a res nova hearing on alimony and child support awards agreed upon by the parties does not violate any policies expressed in C.C. 231 and 232. It merely allows the parties to come to an amicable agreement on the amount of child support or alimony with the reassurance that the court will be able to review this agreement at a later date to ensure its fairness. Extrajudicial resolution of family matters without costly litigation will be promoted, since the parties will be more willing to come to an agreement between themselves, knowing that they may return to litigate the issue should the need arise. As the trial court noted in this case, it would be contrary to good public policy to preclude the parties to a consent decree from stipulating that they could return to litigate the issue of child support without proving a change of circumstances.
Contracting parties are free to waive or renounce benefits which the law has established in their favor where it is not expressly or impliedly prohibited by law, when the renunciation does not affect the rights of others, and is not contrary to the public good. C.C. 11 and 1971.
In order for such a waiver of benefits established by law to be valid, it must be expressly, knowingly and voluntarily madethe intentional relinquishment of a known right. Michel v. Efferson, 223 La. 136, 65 So.2d 115 (1953). The stipulation contained in the consent agreement in this case complies with these requirements; it expressly stated that by reason of "the joint consent and mutual agreement of both parties" the child support obligation could be altered or modified "without either party then having to prove any change in circumstances."
Since an express and unequivocal waiver of the requirement of proving a change in circumstances in a consent agreement does not violate public policy nor derogate from the rights of others, the parties to this agreement are bound to uphold the terms of the consent decree.
Accordingly, the decision of the court of appeal in this case is reversed, and the judgment of the trial court awarding an increase in child support to the custodial parent after the res nova hearing is reinstated, at the cost of the respondent.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
I agree that the stipulation is valid. However, I did not see any compelling or logical reason why every consent decree of alimony or child support should not be viewed as implicitly reserving the right of either party to seek a modification without proving a change in circumstances from the time of the consent decree. This would encourage parties to agree extrajudicially, without the cost or friction of a court battle and without binding either party if the extrajudicial evaluation of need or means proves to be substantially inaccurate.[1]
*76 When a consent decree proves satisfactory, the cost and pain of litigation is avoided, but when a consent decree results in grave injustice, the court can provide relief.
NOTES
[1] Court of appeal decisions demonstrate a division of opinion. See, e.g., Hunsicker v. Hunsicker, 385 So.2d 347 (La.App. 1st Cir.1980), and dicta in Durbin v. Durbin, 424 So.2d 1130 (La. App.1st Cir.1982) and Crum v. Crum, 330 So.2d 925 (La.App. 1st Cir.1976).
[1] Particularly in consent decrees in which the evaluations of need or means are based on the experience of living separate and apart for only a short period, the initial evaluations frequently prove inaccurate. If the parties are inflexibly bound by such evaluations, the use of consent decrees is discouraged.