DOMENGEAUX, Judge,
concurring.
Although I authored the majority opinion I feel it propitious to make a short concurring comment in connection with the recent Louisiana Supreme Court case of Aldredge v. Aldredge, 477 So.2d 73 (La.1985). This case may indicate to some that proof of a change in circumstances is not an essential element in a suit to modify a child support award. Our Supreme Court stated therein:
“The necessity of proving a substantial change of circumstances prior to modification of support awards has essentially been created by the courts of appeal. Although this court has recognized that proof of a change in circumstances is generally necessary for modification of these awards, see, e.g., Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973), we have never held that this requirement is *346 imperative under the Civil Code or public policy. Requiring proof of change of circumstances is, in general, valid, and is useful to prevent relitigation of the same issues and to protect the finality of judgments and compromises.”
Aldredge, supra.
I take this opportunity to distinguish Al-dredge from the instant issues. Al-dredge’s holding is narrowly confined to cases where an original support decree, entered by consent between the parties, provides that the parties need not prove a change in circumstances at a subsequent and initial judicial determination of the proper child support award. However broad the language quoted above it should not be taken out of context nor quoted for the general proposition that proof of a change in circumstances is unnecessary in child support modification proceedings. See La.R.S. 9:311, effective September 6, 1985, which provides in pertinent part as follows:
“A. An award for support shall not be reduced or increased unless the party seeking the reduction or increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award.”