NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-306

GERALYN ADGIA LAMBERT HARTMAN

VERSUS

WESLEY WOOD LAMBERT

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-2412-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Jimmie C. Peters, Elizabeth A. Pickett, and Billy H. Ezell, Judges.

Cooks, J., dissents in part and assigns written reasons.

REVERSED IN PART AND AFFIRMED
AS AMENDED IN PART.

Charles S. Lambert, Jr.
Attorney at Law
10537 Kentshire Court, Suite A
Baton Rouge, LA 70810
(225) 405-0660
Counsel for Defendant/Appellant:
    Wesley Wood Lambert

**Charles G. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**Counsel for Plaintiff/Appellee:**
**Geralyn Adgia Lambert Hartman**

**DECUIR, Judge.**

Appellant, Wesley Lambert (Lambert), appeals a judgment of the trial court involving child support and related payments. Appellee, Geralyn Lambert Hartman (Hartman), answered the appeal alleging additional error on the part of the trial court.

## FACTS

Lambert and Hartman were married for eighteen months. On January 8, 1997, one child was born of their marriage. After their divorce, the obligations of support between the parties were reduced to a consent judgment dated February 23, 1998. The consent judgment provided, in pertinent part, that Lambert would pay $800.00 in child support to Hartman, and Lambert and Hartman would each pay one-half of all medical and dental insurance premiums and one-half of all uninsured medical and dental expenses for the minor child. In October 1998, the consent judgment was modified to provide that Lambert was to withhold Hartman's portion of the medical and dental insurance premiums from his child support payments to Hartman.

The parties generally agree that from August 1, 1998 through June 2009, Lambert paid his monthly $800.00 child support payment. Lambert did not deduct one-half of the medical and dental premiums owed by Hartman. In addition, Lambert paid private school tuition for the minor child during this period. When Lambert's construction business ran on hard times, Hartman instituted this action seeking to 1) modify custody, 2) recalculate child support, 3) recognize an alleged extra-judicial agreement that Lambert would pay all private school tuition, 4) recognize an extra-judicial agreement relieving Hartman of her obligation to pay one-half of all medical and dental expenses, and 5) to have Lambert found in contempt for non-payment of child support. Lambert countered seeking

reimbursement for one-half of the medical and dental expenses not paid by Hartman for the previous twelve years.

Prior to taking of evidence, the parties stipulated that hearing would be limited to issues surrounding the extra-judicial agreements, contempt, and reimbursement claims. The trial court entered judgment finding that: 1) an agreement existed wherein Lambert agreed to pay private school tuition, 2) no agreement existed to alleviate Hartman of her medical expense obligations, 3) Lambert was in contempt for non-payment of child support, and 4) Lambert is entitled to reimbursement for Hartman's non-payment of her medical expense obligation. Based on these findings, the trial court entered judgment against Lambert for $9,200.00 in child support arrearages to be offset by $9,200.00 owed by Hartman for medical expense arrearages, ordering Lambert to pay $11,831.82 for 2009-10 tuition, and holding Lambert in contempt but deferring sentencing. The trial court also denied Hartman's claim for attorney fees.

Lambert appealed alleging the trial court erred in finding him in contempt, finding an extra-judicial agreement regarding tuition, and ordering him to pay $11,831.82 for tuition. Hartman answered alleging the trial court erred in not finding an extra-judicial agreement regarding medical expenses, finding Lambert was entitled to credit for those expenses unpaid by Hartman, allowing those credits to offset child support arrearages, and denying her claim for attorney fees.

## EXTRA-JUDICIAL AGREEMENTS

Lambert assigns as error the trial court's finding that he is required to pay $11,831.82 for private school tuition based on a "pattern" of his paying tuition. He argues that his obligation under the consent judgment cannot be modified absent a finding of an extra-judicial agreement. Hartman assigns as error the trial court's

2

failure to find that an extra-judicial agreement existed relieving her of her obligation to pay one-half of the medical and dental expenses and premiums.

It does not violate public policy for parties who enter into a consent judgment regarding child support to waive the requirement of proving a change in circumstances for purposes of a later request for modification. *Thevenot v. Thevenot*, 03-684 (La.App. 3 Cir. 12/23/03), 864 So.2d. 229, (*citing Aldredge v. Aldredge*, 477 So.2d 73 (La.1985)). The *Thevenot* court continued:

> The overriding interest of the State in custody matters is the best interest of the child. *Baggett v. Baggett*, 96-453 (La.App. 3 Cir. 4/23/97), 693 So.2d 264. A logical extension of this tenet and the concepts approved in *Dubroc*, 388 So.2d 377, and *Aldredge*, 477 So.2d 73, is that parents can agree between themselves to establish child support. If they do, there must be proof of a specific agreement. *Casey v. Casey*, 02-246 (La.App. 4 Cir. 5/22/02), 819 So.2d 1108. Such an agreement is enforceable, if it satisfies "the requisites for a conventional obligation and fosters the continued support and upbringing of the child," *Dubroc*, 388 So.2d at 380, and does not "derogate from laws enacted for the protection of the public interest." La.Civ.Code art. 7.

*Id. at* 232-33.

After careful review of the record, we find the evidence is not sufficient to establish the existence of an extra-judicial agreement for Lambert to pay tuition or to suspend Hartman's payment of medical and dental expenses and premiums. Accordingly, the trial court erred in ordering Lambert to pay the entire amount of tuition for 2009-10. However, given that the parents have maintained the minor child in private schools for his entire life, we find it to be in the best interest of the child that the tuition be paid for the 2009-10 school year. We also find Lambert's payment of Hartman's medical and dental expense and premium obligation under the consent judgment to be gratuitous. It is evident that, until his business fell upon hard times, Lambert has gone over and above his agreed upon support obligation. Likewise, it is clear that Hartman has benefited from Lambert's

3

largesse. Therefore, considering that benefit, we order that the tuition for 2009-10 in the amount of $11,831.32 is to be paid by Hartman.

## ARREARAGES AND OFFSET

Hartman argues that the trial court erred in offsetting Lambert's child support arrearages against his overpayments of dental and medical expenses. We agree.

Hartman correctly argues that child support is satisfied only by payment to the parent to whom it is due and payments to third parties will not satisfy that obligation. *Jones v. Jones*, 99-35 (La.App. 3 Cir. 7/14/99), 747 So.2d 94. Accordingly, the trial court erred in offsetting Lambert's support arrearages against his payment of medical and dental expenses owed by Hartman.

## CONTEMPT, ATTORNEY FEES, AND COSTS

Lambert argues that the trial court erred in finding him in contempt for nonpayment of child support. Hartman contends the court errs in failing to award attorney fees and costs in light of the contempt finding. We find no merit to either assignment of error.

Lambert did fall behind in his support obligations and, despite his past overpayments, was not legally entitled to offset his present payments against those previous overpayments. However, Hartman clearly enjoyed the benefit of Lambert's generous support of the minor child. Under these circumstances, we find the trial court's rulings were within its discretion.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed insofar as it: 1) grants a credit to Wesley Lambert for the $9,200.00 he paid in insurance premiums, 2) orders Wesley Lambert to pay the outstanding tuition balance of $11,831.32. The judgment is amended to provide that Geralyn Hartman is ordered

4

to pay the tuition balance outstanding in the amount of $11,831.32.  In all other respects the judgment is affirmed. All costs of these proceedings are taxed one-half to Geralyn Hartman and one-half to Wesley Lambert.

**REVERSED IN PART AND AFFIRMED AS AMENDED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules—Courts of Appeal, Rule 2–16.3.

5

GERALYN ADGIA LAMBERT HARTMAN

VERSUS

WESLEY WOOD LAMBERT

**COOKS, J., dissenting in part.**

I respectfully dissent from the portion of the majority's opinion reversing the trial court's finding that an agreement existed between the parties that required Wesley Lambert to pay the outstanding tuition balance. Although the majority opinion states that "after a careful review of the record, we find the evidence is not sufficient to establish the existence of an extra-judicial agreement for Lambert to pay tuition," no further explanation is given as to this alleged lack of evidence supporting the existence of such an agreement. However, my review of the record leads me to conclude that the record amply supports the trial court's finding of fact that there was a verbal agreement between the parties concerning the payment of tuition.

It was testified to by Hartman, and accepted by the trial court in its role as the finder of fact, that the parties agreed the minor child would attend private school and Lambert would pay the costs associated with that enrollment. During the years following this agreement, the minor child attended only private schools. All costs of this schooling were paid for by Lambert, with the exception of a few months when Lambert was enduring financial difficulties. Further, Lambert, and not Hartman, signed the deposit for the minor child to attend Episcopal School of Acadiana for the 2009-2010 year. The record established that throughout the years, Lambert was the only parent to sign the contracts with the various schools

the minor child attended. This behavior is consistent with a parent who believed the payment of tuition and associated fees was his responsibility. Therefore, I find no error in the trial court's finding of fact that the evidence established the existence of an extra-judicial agreement for Lambert to pay the minor child's tuition.

I also dissent from the portion of the opinion ordering the judgment be amended to provide that Hartman pay the outstanding tuition balance due in the amount of $11,831.32. I find nothing in the record or briefs where Lambert requested that Hartman be ordered to pay the outstanding tuition balance due. Lambert merely asserted that he had not legally assumed the responsibility to pay the tuition. It is error to amend the judgment to direct Hartman to pay the tuition without any finding that she ever contractually obligated herself to do so with a third-party or with an extra-judicial agreement with Lambert.